Patrick BEAR

v.

**UNITED STATES FIDELITY & GUARANTY CO.**

Supreme Judicial Court of Maine.

Argued Nov. 18, 1986.
Decided Dec. 18, 1986.

N. Lawrence Willey, Jr., Laurie Anne Miller (orally), Ferris, Dearborn & Willey, Brewer, for plaintiff.

Nathaniel Rosenblatt (orally), Angela M. Tomaselli, Mitchell & Stearns, Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

GLASSMAN, Justice.

Plaintiff, the personal representative of Walletta Bear Craig, appeals from a summary judgment entered by the Superior Court, Penobscot County, in favor of the defendant, United States Fidelity & Guaranty Co. (USF & G). We affirm the judgment.

I.

Walletta Craig and her husband, Vernon Craig, were killed when a Mercury automobile operated by Mrs. Craig was struck by an uninsured car. The plaintiff sought to recover damages for the death of Mrs. Craig under the uninsured motorist provisions of the USF & G policy insuring two automobiles owned by Mr. Craig. USF & G denied the plaintiff's claim on the basis of the provision of the policy that excludes coverage for injuries sustained while occupying a motor vehicle owned by the insured or any family member not insured under the policy.

The USF & G policy provides in pertinent part:

*Definitions*

Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations; and

2. The spouse if a resident of the same household.

....

"Family Member" means a person related to you by blood, marriage or adoption who is a resident of your household.

....

"Your covered auto" means:

....

4. Any auto or trailer you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

   a. breakdown;

   b. repair;

   c. servicing;

   d. loss; or

   e. destruction.

*Exclusions*

A. We do not provide Uninsured Motorists Coverage for bodily injury sustained by any person:

   1. While occupying, or when struck by, any motor vehicle owned by you or any family member which is not insured for this coverage under this policy.

Plaintiff brought an action for a declaratory judgment to determine USF & G's obligation to the decedent, Walletta Craig. Both parties moved for a summary judgment. The Superior Court granted the motion of USF & G and entered judgment for USF & G. On appeal, the plaintiff claims the Mercury automobile was insured by USF & G as a temporary substitute vehicle and, alternatively, that the exclusion from the uninsured motorist coverage is contrary to public policy.

## II.

To support his claim that the Mercury automobile was insured by the USF & G policy as a temporary substitute vehicle, the plaintiff argues that neither Mr. or Mrs. Craig, as insureds, were the owner of the Mercury, but that it was owned by Ford Motor Credit Company, who held a security interest in the Mercury.

■ Although the insurance policy does not fully define the word "own," we have no difficulty concluding that Mrs. Craig owned the Mercury as that commonly understood term is used in the policy. 29 M.R.S.A. § 2351(5) (1978) defines "owner" as "a person, other than a lienholder, having the property in or title to a vehicle" including "a person entitled to the use and possession of a vehicle subject to a security interest." *See also* 29 M.R.S.A. § 1(9) (1978). The plaintiff did not controvert the affidavit with attached certified documents filed by USF & G setting forth that at the time in question a certificate of title showing Mrs. Craig as the owner of the Mercury had been issued by the Secretary of State, pursuant to 29 M.R.S.A. §§ 2350–2447 (1978 & Supp.1986).

■ Because Mrs. Craig owned the Mercury, it could not serve as a "temporary substitute" within the meaning of the insurance policy. Temporary substitutes must be vehicles "you do not own." The term "you" as defined by the policy included both Mr. and Mrs. Craig. Thus, vehicles owned by Mr. Craig and vehicles owned by Mrs. Craig could not be temporary substitutes. The plaintiff's further argument that the nonownership requirement for substitutes excludes only vehicles jointly owned by the Craigs is also without merit. Accordingly, USF & G was not responsible under the terms of its policy of insurance for the injuries sustained by Mrs. Craig while occupying the Mercury automobile.

## III.

■ Plaintiff further contends that the exclusion set forth in the uninsured motorist coverage provided by the policy violates public policy as embodied in 24–A M.R.S.A. § 2902 (Supp.1986). We have previously upheld an exclusion from uninsured motorist coverage of vehicles owned by an insured but not insured under the policy. *Brackett v. Middlesex Insurance Co.,* 486

A.2d 1188, 1191 (Me.1985). "[U]ninsured motorist coverage on one of a number of vehicles owned by an insured does not extend the benefits of such coverage, for no premium, to all other vehicles owned by that insured." *Hare v. Lumbermens Mutual Casualty Co.*, 471 A.2d 1041, 1043 (Me.1984). Enforcing the exclusion is consistent with the intent of 24-A M.R.S.A. § 2902 that insurers, for a premium, compensate otherwise uninsured injuries. *Hare*, 471 A.2d at 1043; *see Wescott v. Allstate Insurance*, 397 A.2d 156, 166 (Me. 1979).

The trial court properly granted summary judgment to USF & G.

The entry is: Judgment affirmed.

All concurring.