Ronald G. GHIZ

v.

**RICHARD S. BRADFORD, INC.**

Supreme Judicial Court of Maine.

Argued Jan. 2, 1990.
Decided April 17, 1990.

---

James G. Boulos (orally), Biddeford, for plaintiff.

Edward W. Gould (orally), Gross, Minsky, Mogul & Singal, P.A., Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

HORNBY, Justice.

The issue posed by the appellant in this case is whether an insurance agency has a tort obligation to "explain various types of coverage and to ensure that adequate coverage will be obtained by a person who is extensively relying upon [its] expertise" when the agency is not the customer's agent. Although such obligations between a seller and a buyer of commodities or services may arise out of contractual or agency undertakings and out of tort duties prohibiting fraud or misrepresentation, we conclude that there is no independent duty

of reasonable care and therefore affirm the judgment for the defendant entered by the Superior Court (Penobscot County, *Beaulieu, J.*).

The jury could have found the following. Ghiz, a first time homeowner, came to the defendant insurance agency in August 1973. He explained that he was ignorant of insurance and wanted to buy a "good" policy offering appropriate coverage for common risks for houses in Orono. The agency's vice president told Ghiz that it was the everyday business of the agency to provide insurance meeting the specific needs of its customers. Ghiz asked him "questions that would cover really obscure things just to be sure [he] was covered by a good policy". The vice president told Ghiz that the Form 1 policy he was purchasing was a "good" one for Ghiz's property. He failed to inform Ghiz of two superior levels of coverage. When Ghiz's pipes froze and burst in December of 1980, the agency for the first time told him that his policy was a budget policy and did not cover the resulting water damage.

At the close of the evidence, the presiding justice informed the parties that he would grant the agency's motion for a directed verdict on Ghiz's negligence claim, but that he would also submit that issue to the jury so that if this Court should disagree, there would be no need for a new trial. *See Moore v. Fenton*, 289 A.2d 698, 700 n. 1 (Me.1972); 1 Field, McKusick & Wroth, *Maine Civil Practice* § 50.1 (2d ed. Supp.1981). The jury awarded Ghiz $12,000. The presiding justice then entered judgment for the agency notwithstanding the verdict. Ghiz has appealed.

Ghiz has not argued that the insurance agency undertook any kind of fiduciary obligation or any express or implied contractual obligation to sell him an appropriate policy,[1] and he no longer asserts any

---

1. If the insurance agency was actually Ghiz's agent, there might be a fiduciary or contractual recovery growing out of a failure to fulfill the agency relationship. Thus, a number of cases have held that when an insurance agent or broker agrees to procure insurance, and through its own fault or neglect fails to do so, the agent or broker has breached the duty that it owes to the

client and is liable for damages. *See, e.g., Bulla v. Donahue*, 174 Ind.App. 123, 366 N.E.2d 233 (1977); *Johnson v. George Tenuta & Co.*, 13 N.C.App. 375, 185 S.E.2d 732 (1972); *Riddle-Duckworth, Inc. v. Sullivan*, 253 S.C. 411, 171 S.E.2d 486 (1969). Likewise, there is substantial case law that an agent owes its principal the obligation to exercise due care in the kind of

misrepresentation by the agency. He also did not contend at trial that the defendant was his agent and he therefore has not preserved that claim here. *See Estate of Fisher*, 545 A.2d 1266, 1274 (Me.1988). Instead, Ghiz's only claim is that the jury could find that the agency had an independent obligation to use reasonable care in explaining the policies available and in choosing what policy it would sell its prospective customers and that it failed to exercise that reasonable care in selling a policy to him. Whether a duty to use reasonable care exists is not a question of fact for the jury but a question of law. *See Howe v. Stubbs*, 570 A.2d 1203 (Me.1990). Apart from contractual undertakings between the parties, an agency relationship, or fraud or misrepresentation, we see no basis upon which to recognize an action for negligence against the seller of a product like insurance for the seller's conduct in advising a purchaser what product to buy. *See Gibson v. Government Employees Ins. Co.*, 162 Cal.App.3d 441, 208 Cal.Rptr. 511 (1984); *Sandbulte v. Farm Bureau Mut. Ins. Co.*, 343 N.W.2d 457 (Iowa 1984).[2]

The entry is:

Judgment affirmed.

All concurring.

coverage it obtains. *See Couch on Insurance* § 25:37 (2d ed. 1984 & Supp.1989); Annotation, *Liability of Insurance Agent or Broker on Ground of Inadequacy of Property Insurance Coverage Procured*, 72 A.L.R.3d 747 (1976).

**2.** Some courts have recognized a duty of care because, unlike the situation here, the facts at issue clearly indicated the insurance agency was functioning as an agent of the customer. *See, e.g., Bellmer v. Charter Sec. Life Ins. Co.*, 105 Ill.App.3d 234, 61 Ill.Dec. 34, 433 N.E.2d 1362 (1982); *Precision Castparts Corp. v. Johnson &*

*Higgins of Or., Inc.*, 44 Or.App. 739, 607 P.2d 763 (1980). Other courts, however, have recognized a duty even without an agency relationship because of the expertise held out by the insurance agency. *See, e.g., Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 140 Ariz. 383, 682 P.2d 388 (1984); *Sobotor v. Prudential Property & Casualty Ins. Co.*, 200 N.J.Super. 333, 491 A.2d 737 (App.Div.1984). That reasoning, applied generally, would drastically alter the respective obligations of buyer and seller in the choice of a wide range of products.