Linda E. CASH

v.

**GREEN MOUNTAIN INSURANCE COMPANY, INC.**

Supreme Judicial Court of Maine.

Argued June 14, 1994.
Decided July 7, 1994.

Leland N. Chisholm (orally), Kelly, Remmel & Zimmerman, Portland, for plaintiff.

Philip K. Hargesheimer (orally), Paul S. Douglass, Platz & Thompson, Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, and DANA, JJ.

ROBERTS, Justice.

Linda E. Cash appeals from a summary judgment entered in the Superior Court (Cumberland County, *Lipez, J.*) declaring that 24–A M.R.S.A. § 2902–A(4) (Supp.1992), *repealed by* P.L.1993, ch. 69, § 1 (effective Oct. 13, 1993), did not bar Green Mountain Insurance Company from refusing to honor her uninsured motorist coverage pursuant to an exclusion in her policy for "other-owned vehicles." She contends that the court erred in its interpretation of the statute, as well as in its determination that the other-owned vehicle exclusion was not contrary to public policy. We affirm.

After suffering serious injuries in a January 1993 auto accident, Cash sought payment pursuant to the uninsured motorist coverage provided by a policy issued to her husband by Green Mountain Insurance Company. That policy covered two of the three cars owned by Cash and her husband, while the third car was insured by a different company at significantly lower uninsured motorist coverage limits. Because Cash was injured while a passenger in the third car, Green Mountain declined to provide the coverage. The company relied on an "other-owned vehicle" provision in the policy, which excluded uninsured motorist coverage if the injury occurred while occupying, or when struck by, a vehicle owned by the insured or a family member but not covered by the policy. Citing 24–A M.R.S.A. § 2902–A(4). Cash filed a complaint seeking a declaration that the other-owned vehicle exclusion was void.[1] The court entered a summary judgment in favor of Green Mountain, and this timely appeal followed.

We have previously upheld identical other-owned vehicle exclusions. *See, e.g., Bear v. United States Fidelity & Guar. Co.,* 519 A.2d 180, 181–82 (Me.1986); *Gross v. Green Mountain Ins. Co.,* 506 A.2d 1139, 1141–42 (Me.1986). "[U]ninsured motorist coverage on one of a number of vehicles owned by an insured does not extend the benefits of such coverage, for no premium, to all other vehicles owned by that insured." *Hare v. Lumbermens Mut. Casualty Co.,* 471 A.2d 1041, 1043 (Me.1984). Section 2902–A(4) offers no compelling reason to depart from our past decisions. When read in conjunction with the other parts of section 2902–A, it is clear that section 2902–A(4) applies only to policy provisions that exclude coverage for liability for injury to the insured or any family member. *See Bolduc v. Andros-*

---

1. Section 2902–A(4) prohibited insurers from sell[ing] or renew[ing] a motor vehicle liability insurance policy on or after January 1, 1992 with a provision that excludes coverage for injury to the insured or any family member unless the insurer offers the opportunity to remove that exclusion by buying coverage in the nonliability section of the policy for economic damages for injury to the insured or any family member. This optional coverage must be available in monetary increments limited to no more than the liability limits of the policy for liability to other persons.

That section has since been replaced by 24–A M.R.S.A. § 2902–D (Supp.1993), which prohibits insurers from selling or renewing motor vehicle liability insurance policies on or after January 1, 1994, that exclude coverage for injury to the insured or any family member. P.L.1993, ch. 69, § 2.

*coggin County Comm'rs,* 485 A.2d 655, 658 (Me.1984) ("sections of a statute must be read together as a single piece of legislation to reach a harmonious interpretation"). In contrast, the other-owned vehicle exclusion in the Green Mountain policy affects only uninsured motorist coverage.

We find equally unpersuasive Cash's contention that the other-owned vehicle exclusion is contrary to public policy. That provision is not clearly in violation of "some well established rule of law," nor does it exhibit a tendency to be "harmful to the interests of society." *Allstate Ins. Co. v. Elwell,* 513 A.2d 269, 272 (Me.1986) (quoting *Lesieur v. Inhabitants of Rumford,* 113 Me. 317, 319–20, 93 A. 838, 839 (1915)).

The entry is:

Judgment affirmed.

All concurring.