**CAROLINA CASUALTY INSURANCE COMPANY, Plaintiff,**

v.

**The CUMMINGS AGENCY, INC., Defendant.**

**Civil No. 95–240–P–H.**

United States District Court, D. Maine.

July 30, 1996.

Robert W. Kline, Portland, ME, for Carolina Casualty Insurance Company.

Wendell G. Large, Richardson, Whitman, Large & Badger, Portland, ME, for the Cummings Agency Incorporated.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

HORNBY, District Judge.

The issue on this motion for summary judgment is what duty of care a "producer" of insurance owes an insurance company with respect to the applications that the producer forwards.

### BACKGROUND

The defendant, The Cummings Agency, Inc. ("Cummings"), has placed insurance on behalf of Geary Bonville and Judith Bonville d/b/a Bonville Farms ("Bonville Farms") with a number of different companies over the years in an effort to obtain the most favorable rates. It forwarded to the plaintiff, Carolina Casualty Insurance Company ("Carolina"), through Carolina's representative, Surplex Underwriters, Inc., an application signed by Geary Bonville in the spring of 1994, and Carolina issued a policy. Later that year, one of Bonville Farm's drivers was involved in a serious accident and Carolina ended up paying $750,000 in settlement to the injured party. Carolina has sued Cummings to recover the amount of the settle-

ment contending that the insurance application Cummings forwarded did not reveal that Bonville Farms was engaged in the business of hauling crushed scrap cars; that had Carolina known that fact it never would have issued the insurance; that Cummings knew or should have known that Bonville Farms engaged in the hauling of crushed scrap cars; and that Cummings's failure to disclose that information to Carolina violated a duty Cummings owed to Carolina and entitles Carolina to recover the amount of settlement.

As originally filed, the complaint alleged that Cummings was a general agent for Carolina. At a final pretrial conference held April 10, 1996, however, Carolina was permitted to amend the complaint to change the characterization of Cummings from "general agent" to "producer." That term remains undefined. According to Carolina's legal memorandum, the theory of its complaint is as follows: "This is a claim by Carolina Casualty brought against the producer of the insurance policy, The Cummings Agency, Inc. . . . on the basis that Cummings knew or should have known that the risk submitted to plaintiff for coverage was unacceptable." Legal Mem. at 1. Likewise,

> [d]efendant owed duties of care to Plaintiff: he was obligated to exercise reasonable care, diligence and judgment in his performance as a professional producer. It is Plaintiff's position that Defendant breached this duty of care by submitting an insurance application containing material misrepresentations, knowing that the application is relied upon to decide whether to insure the risk.

*Id.* at 2. Nowhere does Carolina allege that Cummings itself engaged in fraud or negligent misrepresentation; instead, the complaint alleges only that Cummings was "negligent in handling the application" or that it "should have known" that the application contained misrepresentations. Compl. ¶ 11.

■ There is no dispute that Maine law applies here. Under Maine law, the existence of a duty is a question for the court, not the fact finder. *Ghiz v. Richard S. Bradford, Inc.,* 573 A.2d 379, 381 (Me.1990). In *Ghiz,* where the question was the duty of

care running from an insurance agency to an insurance purchaser, the Law Court stated: "[O]bligations between a seller and a buyer of commodities or services may arise out of contractual or agency undertakings and out of tort duties prohibiting fraud or misrepresentation," but "there is no independent duty of reasonable care...." *Id.* at 380. Therefore, apart from "contractual or agency undertakings" or "fraud or misrepresentation," I conclude that the Maine Law Court would likewise recognize no independent duty of reasonable care running from an insurance agency or "producer" to an insurance company.

■ In its legal memorandum opposing the summary judgment motion, Carolina tries to suggest that there are factual issues on two of the exceptions: whether an agency relationship existed between it and Cummings and whether Cummings itself was guilty of negligent misrepresentation. On the first issue, I observe that at the April final pretrial conference the complaint was amended to delete the reference to agency. Furthermore, even if the new term "producer" might be broad enough as a matter of pleading to include some elements of an agency relationship, Carolina has pointed to no evidence in the summary judgment record demonstrating any such agency relationship. I have read the deposition page references on this issue in ¶ 1 of Plaintiff's Objection to Defendant's Statement of Material Facts & Plaintiff's Statement of Material Facts Which Remain in Dispute. The cited pages of Shar-

on Andrews's deposition nowhere demonstrate an agency relationship nor does the Producer Agreement (which Carolina admits Cummings did not even sign). With respect to the misrepresentation issue, the complaint simply does not allege that Cummings itself engaged in negligent misrepresentation.[1] In fact, there is no evidence in the summary judgment record that Cummings made any representations about the material contained in the Bonvilles' application.[2] (If Carolina's claim is that Cummings failed to disclose information, I observe that the Maine Law Court has held that "absent a fiduciary or confidential relationship, there is no duty to disclose information." *Brae Asset Fund, L.P. v. Adam,* 661 A.2d 1137, 1140 (Me.1995). Nothing in the summary judgment record suggests either an active concealment by Cummings or a confidential or fiduciary relationship.)

Finally, Carolina argues that "equitable estoppel" would justify its recovery. It cites no Maine law for this proposition and I am aware of none.

Accordingly, the defendant's motion for summary judgment is **GRANTED**.[3]

**SO ORDERED.**

---

1. Paragraph 11 of the Complaint states:

   Defendant was negligent in handling the application or should have known that the representations contained in the application identified in paragraph 5 above constituted misrepresentations, omissions, concealment of facts and incorrect statements which negligence, error or omission by Defendant resulted in Plaintiff issuing the policy which would not otherwise have been issued.

2. I have reviewed the record citations in ¶ 6 of the Plaintiff's Objection captioned "Whether the defendant prepared the application is a disputed material fact." All they consist of is: (1) deposition testimony of Denise Joy, Surplex's vice president of underwriting, that "the writing on the application ... appears to be the agent's," but that she has "no knowledge who completed the ap[plication]," that "[i]t is signed by Mr. Bon-

ville" and that she has "no reason to think that's not his signature." Joy Dep. at 85–86; (2) Carolina's *lawyer's* assertion at a deposition that "[w]e believe it was filled out by Mr. Cummings." Andrews Dep. at 46. None of this is competent testimony to raise a genuine issue of fact. I do not read *Chapman v. Rideout,* 568 A.2d 829, 830 (Me.1990), or Restatement (Second) of Torts § 552(1) (referring to liability of someone "who supplies false information") as concerning an instance where a defendant forwards someone else's false statement without indicating its own belief in the statement's truth or accuracy.

3. Carolina requested Fed.R.Civ.P. 56(f) relief on Cummings's summary judgment motion. This request is **DENIED**. The discovery deadline is long passed and this matter is set for trial. Carolina now wants to take the deposition of the president

of Cummings, as well as of Mr. and Mrs. Bonville. Even if they have material information, that discovery should have been conducted long ago. *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2741 at 553–54; *see also Fennell v. First Step Designs, Ltd.*, 83 F.3d 526, 530–31 (1st Cir.1996). (The transcript of the Pratt Deposition to which Carolina wanted access has been in the record since July 22, 1996, yet the plaintiff has filed no supplemental pleadings to address its relevance.)