STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-98-252

SKS-KEN - 1/20/2000

CHRISTOPHER SARGENT, SR.
and ANDREA SARGENT,

Plaintiffs

v.

NATIONAL GENERAL INSURANCE
COMPANIES,

Defendant

DECISION ON MOTION
AND SUMMARY JUDGMENT

This matter comes before the court on the defendant's motions to strike the testimony of plaintiffs' purported expert and for summary judgment. The court will deny the defendant's motion to strike the witness testimony, but will grant the defendant's motion for summary judgment.

## BACKGROUND

In March 1991, plaintiff Christopher Sargent saw an advertisement in *Legionnaire's Magazine* for automobile insurance sold by defendant National General Insurance Companies (National General). Sargent called the 800 number listed in the advertisement for a premium quote for a policy to cover himself and his wife. The phone call was received at National General by an employee named Debbie. Sargent told Debbie that he wanted "a lot of coverage" and that he wanted "to be protected." Sargent eventually told Debbie that he wanted bodily injury coverage of $100,000/$300,000, but there was no discussion of uninsured motorist

1

coverage. Following the phone conversation, Sargent filled out an application for coverage of $100,000/$300,000 for bodily injury and apparently uninsured motorist coverage of $20,000/$40,000. There were only two conversations between Sargent and Debbie, both during March 1991. Every year since 1991, National General has sent the Sargents a bill and a renewal policy with the same coverage limits as the original policy.

In June 1996, the Sargents were injured in an automobile accident. They settled their claim against the other driver's insurance company for the limit of coverage, sharing that coverage with the passenger in the other driver's vehicle. The Sargents did not receive any additional payments under their own uninsured motorist provision in the National General policy because the coverage limits were too low. As a result, the Sargents filed the present complaint.

In counts I and II, each of the Sargents claim that National General was negligent in arranging for inadequate uninsured motorist coverage for them. In count III the Sargents claim the National General breached its contract with them by its negligent failure to provide adequate and proper uninsured motorist coverage. Count IV contains an allegations that National General's conduct was an unfair and deceptive trade act or practice in violation of 24-A M.R.S.A. § 2152 *et seq.* Finally, in Count V, the Sargents allege that National General made false and misleading statements regarding the terms of the policy issued.

## DISCUSSION

### Motion To Strike Testimony

The defendant's first motion is to strike the testimony of plaintiffs' purported expert, Gloria Donovan. Ms. Donovan was deposed and asked for her opinion of insurance industry practice with regard to appropriate levels of uninsured motorist coverage. Defendant objects because Ms. Donovan's experience has been entirely on the claims side of the business and she has never performed insurance policy sales work. Nevertheless, Ms. Donovan has been employed in the insurance industry since 1968 in a variety of functions which have given her a broad understanding of the industry and industry practice even though she has not sold a policy herself. The court believes that the defendant's objection to Ms. Donovan goes to the weight to be given her testimony rather than its admissibility, at least for purposes of the defendant's motion for summary judgment, and the motion to strike is denied.

## Motion for Summary Judgment

Before discussing the specific counts of the complaint, the defendant's statute of limitations argument will be briefly considered. There appears to be no dispute between the parties that the six-year statute of limitations in 14 M.R.S.A. § 752 applies to all counts of the complaint. The issue then is when the cause of action accrued, thereby starting the statute of limitations clock. Generally speaking, the cause of action would accrue at the time there is a judicially cognizable injury. *Kasu Corp. v. Blake, Hall & Sprague, Inc.*, 582 A.2d 976, 980 (Me. 1990). In light of the Law Court's holding in *Chiapetta v. Clark Assoc.*, 521 A.2d 697, 699 (Me. 1987), the cause of action in the present case accrued when the Sargents were involved in the automobile accident in June of 1996. Therefore, their complaint is not barred by the

statute of limitations.

Turning to the specific counts, in counts I and II of their complaint the Sargents each claim that National General was negligent in arranging for inadequate uninsured motorist coverage as part of the insurance policy. In order to find National General negligent, it is first necessary to determine whether National General owed any duty to the Sargents. The answer to this question appears to be negative in light of two holdings by our Law Court. In *Ghiz v. Richard S. Bradford, Inc.*, 573 A.2d 379, 380 (Me. 1990), the Law Court was presented with the issue of whether an insurance agency has an obligation to explain the various types of coverage available and to ensure that adequate coverage will be obtained by a person who is "extensively relying" upon its experience. The Law Court held that:

> [a]lthough such obligation between a seller and a buyer of commodities or services may arise out of contractual or agency undertakings and out of tort duties prohibiting fraud or misrepresentation, . . . there is no independent duty of reasonable care.

*Id.* at 380. Stated another way, the Law Court held that:

> [a]part from contractual undertakings between parties, an agency relationship, or fraud or misrepresentation, . . . [there is] no basis upon which to recognize an action for negligence against the seller of a product like insurance from the seller's conduct in advising a purchaser what product to buy.

*Id.* at 381. In *Szelenyi v. Morse, Payson & Noyes Insurance*, 594 A.2d 1092, 1094 (Me. 1991), the Law Court held that an insurance agent does not have a duty to advise an insured about the adequacy of coverage merely because an agency relationship exists between the parties, but rather, before such duty can arise, there must be a "special agency relationship" between the parties. The statement of material facts does not

4

disclose any basis for finding such a special agency relationship. The Sargents' statement of material facts raises no genuine issue of material fact with regard to whether National General engaged in fraud or misrepresentation in the sale of the insurance policy. Nor have the Sargents challenged National General's statement of material facts not in dispute on the points that there was no agency relationship between the Sargents and National General and that National General did not contract with the Sargents to advise them about what insurance to buy. Therefore, there appears to be no material fact at issue which would prevent summary judgment for the defendant on counts I and II according to the caselaw noted above.

The Sargents attempt to distinguish *Ghiz* and noted that in that case the question was whether the coverage provided was a "good" policy as requested by the plaintiffs, while the Sargents' request was for "a lot of coverage." This is a distinction without a difference. The Sargents also suggest that the Law Court decision in *Sunset Enterprises v. Webster & Goddard, Inc.*, 556 A.2d 213 (Me. 1989) at least implies that there is a relationship between an insurance agent and prospective insured prior to the time that the policy has been procured which would create a duty owed by the agent to the purchaser. However, the issue in *Sunset Enterprises* was not whether a duty existed at the time the policy was issued, rather it was the issue of whether any duty existed later on for the agent to notify the insured of a policy cancellation or lapse. In addition, the language from *Sunset* quoted in the plaintiffs' brief was not written by the Law Court, it was a quote from the Vermont Supreme Court. The holding in *Ghiz* is more on point and more

5

persuasive.

Finally, since the court concludes as a matter law that no duty existed, the fact that the insurance industry practice is to suggest uninsured motorist coverage with the same limits as the personal injury limits never becomes a factor. This might be good public policy, but does not rise to the level of creating a duty or constituting negligence.[1]

With regard to counts III, IV, and V of the complaint, the Sargents have not opposed summary judgment and have not included any facts in their statement of material facts at issue to support those claims. Therefore, summary judgment will be granted on these counts also.

In light of the foregoing, the entry will be:

(1)     Defendant's motion to strike testimony is DENIED.
(2)     Defendant's motion for summary judgment is GRANTED and judgment shall be entered for the defendant on all counts.

Dated: January 20, 2000

S. Kirk Studstrup
Justice, Superior Court

---

[1] The Legislature apparently has been impressed by the public policy argument since it amended the mandatory uninsured motorist coverage (24-A M.R.S.A. § 2902 (2) from tracking the mandatory bodily injury coverage to the following: " The amount of coverage to be so provided may not be less than the amount of coverage for bodily injury or death . . . unless the purchaser expressly rejects such an amount . . ." . P.L. 1999, c. 271, § 1, effective for policies written or renewed after July 1, 2000.

Date Filed __9/28/98__ __Kennebec__ Docket No. __CV98-252__
County

Action __Auto Negligence__

DONALD L. GARBRECHT
LAW LIBRARY

FEB 17 2000

Christopher & Andrea Sargent, Sr. VS. National General Insurance Company

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Michael J. Welch, Esq.<br>P.O. Box 3065<br>Lewiston, Maine 04243-3056 | Michael A Nelson Esq<br>Ten Free St<br>PO Box 4510<br>Portland Me 04112 |

| Date of Entry | |
|---|---|
| 9/28/98 | Complaint, filed. s/Welch, Esq.<br>Pretrial Scheduling Statement and Jury Demand mailed to atty. |
| 10/7/98 | Proof of service from the Bureau of Insurance dated 9/29/98 filed.<br>s/Welch,Esq. |
| 10/23/98 | Affidavit and Request for Default and Default Judgment, filed. s/Welch, Esq. |
| 10/26/98 | Answer to complaint filed. s/Nelson,Esq. |
| 10/26/98 | ENTRY OF DEFAULT s/Nancy A. Desjardin,Clerk of Courts<br>Copies mailed to Attys. |
| 10/28/98 | Defendants motion to dismiss under M.R. Civ.P. 12(b)(5) or, in the<br>alternative, to set aside the entry of default filed. s/Nelson,Esq.<br>Proposed order filed.<br>Request for hearing filed. s/Nelson,Esq. |
| 11/4/98 | Amended answer to complaint filed. s/Nelson,Esq. |
| 11/6/98 | Notice of discovery service filed. s/Nelson,Esq.<br>Defendants first request for production of documents propounded to<br>plaintiffs, defendants first set of interrogatories propounded to<br>plaintiffs served on Michael J Welch,Esq. on 11/4/98. |
| 11/9/98 | Letter informing the Court that both counsel agree that the default<br>may be lifted filed. s/Welch,Esq. |
| 11/10/98 | ORDER ON MOTION TO SET ASIDE DEFAULT, Humphrey, J.<br>It is hereby ORDERED that the default be set aside and that Defendants'<br>previously filed answer be accepted.<br>Copies mailed to attys of record. |
| 11/16/98 | Pretrial Scheduling Statement, filed. s/Welch, Esq. |
| 11/17/98 | EXPEDITED PRETRIAL ORDER, Humphrey, J.<br>Discovery to be closed by 7/17/99. This case will be placed on the non<br>jury trial list 30 days after close of discovery. This Order is incor-<br>porated into the docket by reference at the specific direction of the court.<br>Copies mailed to attys of record. |