# United States Court of Appeals
## For the First Circuit

No. 00-1679

TINA L. MAURICE, ETC.,
Plaintiff, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, U.S. District Judge]

[Hon. David M. Cohen, U.S. Magistrate Judge]

Before

Selya and Stahl, Circuit Judges,

and Lisi,* District Judge.

Fernand A. Martineau and Richard D. Hewes, with whom Hewes
& Hewes was on brief, for appellant.
William D. Hewitt, with whom Catherine R. Connors and Pierce
Atwood were on brief, for appellee.

December 21, 2000

_____

*Of the District of Rhode Island, sitting by designation.

**SELYA, Circuit Judge.** This appeal evolves from a tragic highway accident in which a motorcycle driven by David M. Maurice collided with an automobile operated by Bonnie Pike. Maurice was killed. After securing an appointment as the personal representative of his estate, his widow, plaintiff-appellant Tina L. Maurice, asserted a variety of claims arising out of her husband's death.

Pike had only modest insurance. Her carrier paid the appellant its policy limit: $50,000. The appellant then turned to defendant-appellee State Farm Mutual Automobile Insurance Company (State Farm). At the time of the accident, the Maurices owned three vehicles (including the motorcycle). Each was covered by a separate State Farm policy. The appellant tried to "stack" the policies, demanding payment of the policy limits for uninsured/underinsured motorist (UM) coverage under all three polices. As regards the non-motorcycle policies, State Farm refused, citing the so-called other owned vehicle exclusion (the OOV exclusion) that appeared in each of those policies.[1] That exclusion reads:

---

[1]State Farm did, however, pay for property damage to the motorcycle as provided under the motorcycle policy. It also paid an accidental death benefit of $5,000 under one of the other policies. Neither of those payments is in dispute in this appeal, nor is the availability of UM coverage under the motorcycle policy.

```
     THERE IS NO COVERAGE
          *      *      *
2.   FOR BODILY INJURY TO AN INSURED:
     a.   WHILE OCCUPYING A MOTOR
     VEHICLE OWNED BY YOU, YOUR
     SPOUSE OR ANY RELATIVE IF IT
     IS   NOT   INSURED   FOR   THIS
     COVERAGE UNDER THIS POLICY . .
     . .
```

(Emphasis omitted).

Undaunted by the plain language of the OOV exclusion, the appellant sued. Acting on her own behalf and on behalf of her late husband's estate, she brought an action for damages against State Farm in a Maine court. She cited State Farm's refusal to pay under the UM coverages and alleged, inter alia, breach of contract and breach of the duty of good faith and fair dealing. State Farm removed the action to the United States District Court for the District of Maine. See 28 U.S.C. §§ 1332(a), 1441. In due course, it moved for dismissal. Fed. R. Civ. P. 12(b)(6). In an unpublished memorandum, Magistrate Judge Cohen recommended granting the motion. At the same time, he recommended denying the appellant's motion for leave to file an amended complaint (the ostensible purpose of which was to add a count for respondeat superior liability based on certain actions of the insurance agent who had handled the Maurices' account).

The appellant objected to the recommended rulings.[2] The district court nonetheless adopted them in toto and entered judgment for State Farm. This appeal followed.

In adjudicating this dispute, Magistrate Judge Cohen wrote a thoughtful, meticulously reasoned rescript, dated February 24, 2000, in which he concluded that the OOV exclusion was valid and foreclosed the appellant's claims. Having entertained oral argument, perused the record, and carefully considered the parties' briefs, we find no principled basis for disagreement. To the contrary, we regard this as a near-perfect situation in which to put into practice our previous pronouncement that "when a lower court produces a comprehensive, well-reasoned decision, an appellate court should refrain from writing at length to no other end than to hear its own words resonate." Lawton v. State Mut. Life Assur. Co., 101 F.3d 218, 220 (1st Cir. 1996); accord Ayala v. Union de Tronquistas, 74 F.3d 344, 345 (1st Cir. 1996); In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir. 1993). Consequently, we

---

[2]The magistrate judge had the authority to decide the motion to amend outright. See 28 U.S.C. § 636(b)(1)(A) (empowering magistrate judges to rule on non-dispositive motions); Fed. R. Civ. P. 72(a) (same). Here, however, the magistrate chose merely to make a recommendation to the district court. We descry no error and, in all events, neither party has complained about this procedure.

affirm the judgment for substantially the reasons elucidated in the decision below.  We add only six brief comments.

**First:**  The OOV exclusion that appears in the two State Farm policies is nose-on-the-face plain.  Since the motorcycle which the decedent was driving at the time of the accident was owned by him but insured under a separate policy, this exclusion, by its terms, avoids coverage for the appellant's claims.

**Second:**  We reject the appellant's argument that a state statute, 24-A M.R.S.A. § 2902-D, renders the OOV exclusion void.  That statute provides:

> An insurer may not sell or renew a motor vehicle liability insurance policy on or after January 1, 1994 with a provision that excludes coverage for injury to the insured or any family member of the insured.

24-A M.R.S.A. § 2902-D.  The statute's reference to liability insurance is not a mere fortuity.  Maine's highest court has authoritatively interpreted the statute, albeit in an earlier iteration, to apply only to third-party liability coverages. Cash v. Green Mountain Ins. Co., 644 A.2d 456, 457-58 (Me. 1994).  In so holding, Cash explicitly rejected the same argument that the appellant advances here.  Id. at 457.  To cinch matters, Cash is merely one in a long line of Maine cases that have upheld substantially similar exclusions to UM

-5-

coverage. E.g., Daigle v. Hartford Cas. Ins. Co., 573 A.2d 791, 792 (Me. 1990); Bear v. United States Fid. & Guar. Co., 519 A.2d 180, 182 (Me. 1986); Gross v. Green Mountain Ins. Co., 506 A.2d 1139, 1142 (Me. 1986); Brackett v. Middlesex Ins. Co., 486 A.2d 1188, 1191 (Me. 1985); Hare v. Lumbermens Mut. Cas. Co., 471 A.2d 1041, 1043 (Me. 1984).

**Third:** The appellant's effort to undermine Cash because that case dealt with an earlier version of the Maine statute is unavailing. We have carefully examined the statutory amendment, effected in 1993, and find it to be inconsequential for present purposes. The recodification of the statute, in itself, proves nothing. Moreover, the only substantive import of the amendment relates to interspousal immunity. The amendment does not in any way implicate UM coverages. Thus, the distinction that the appellant suggests is a distinction that makes no difference.

**Fourth:** The appellant asks that we certify the coverage question to the Maine Supreme Judicial Court. Our practice, however, has been to refrain from certification of state-law issues when we can discern without difficulty the course that the state's highest court likely would follow. Porter v. Nutter, 913 F.2d 37, 41 n.4 (1st Cir. 1990). Given the telling precedent of Cash, we think that certification of

-6-

the coverage question that the appellant seeks to raise would be an empty exercise.

**Fifth:** The appellant's attempt to fashion a new argument for invalidation of the OOV exclusion based on the public policy of Maine, as expressed in the state's wrongful death statute, 18-A M.R.S.A. § 2-804, is procedurally defaulted. The law is clear that when a dispositive motion is heard before a magistrate judge, the movant must make all her arguments then and there, and cannot later add new arguments at subsequent stages of the proceeding. Maine Green Party v. Maine Sec'y of State, 173 F.3d 1, 4-5 (1st Cir. 1999) (refusing to review, as unpreserved, an argument not seasonably presented to the magistrate judge); Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) (similar). Because the appellant did not make this argument to the magistrate judge, she cannot make it here.[3]

**Sixth:** The appellant's challenge to the denial of her motion for leave to amend is meritless. For one thing, the proposed amendment fails to allege any "special relationship" between the insurance agent and State Farm — and such a special

---

[3]In all events, we find the argument unpersuasive on the merits.

-7-

relationship is a necessary concomitant of respondeat superior liability in insurance cases under Maine law. Szelenyi v. Morse, Payson & Noyes Ins., 594 A.2d 1092, 1095 (Me. 1991); Ghiz v. Richard S. Bradford, Inc., 573 A.2d 379, 380-81 (Me. 1990). For that reason, we concur with Magistrate Judge Cohen's characterization of the proposed amendment as futile. See generally Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988) (discussing pleader's burden to allege "each material element necessary to sustain recovery").

For another thing, not only had the time for amendments stipulated in the district court's scheduling order expired by the time that the appellant filed her motion, but State Farm's motion for brevis disposition already was pending. Under these circumstances, the appellant's motion for leave to amend was untimely. E.g., RTC v. Gold, 30 F.3d 251, 253 (1st Cir. 1994).

We need go no further. For the reasons stated, we affirm the judgment below.


**Affirmed.**

-8-