**Thomas MARSH, Plaintiff–Appellant,**

v.

**SHERIFF OF CAYUGA COUNTY, Defendant–Appellee.**

**Docket No. 99–368.**

United States Court of Appeals, Second Circuit.

May 31, 2002.

Thomas Marsh, pro se, El Reno, OK, for Appellant.

Riccardo T. Galbato, Karpinski, Stapleton, Galbato & Tehan, P.C., Auburn, NY, for Appellee.

Present WALKER, Chief Judge, JACOBS and LEVAL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Thomas Marsh appeals from the decision of the district court (Ralph W. Smith, *Magistrate Judge*) denying his motion to amend his complaint. Appellant argues that (1) the magistrate judge exceeded his authority by entering the order denying plaintiff's motion to amend his complaint and (2) the decision to deny his motion was an abuse of discretion.

On August 23, 1995, Marsh filed a complaint pursuant to 42 U.S.C. § 1983 claiming that he sustained injuries when attacked by another prisoner at the Cayuga County Jail in New York. The complaint originally named as defendants the Sheriff and the Sheriff's Department of Cayuga County and alleged that the Sheriff negligently failed to provide for the plaintiff's safety and welfare. On November 13, 1995, the defendants filed their answer. On November 3, 1998, Marsh moved to amend his complaint to include claims against additional defendants and new claims based on, *inter alia*, 42 U.S.C. §§ 1985, 1986; 18 U.S.C. § 4042; the American with Disabilities Act, 42 U.S.C. § 1201 *et seq.;* and the 4th, 8th, 9th and 14th amendments of the United States Constitution. Magistrate Judge Smith denied plaintiff's motion to amend, finding that an amendment would prejudice the defendants and would unduly delay the proceedings.

Turning to plaintiff's first argument, we find that the magistrate judge acted within his authority in denying this motion to amend the complaint. *See* 28 U.S.C. § 636(b)(1)(A); *Maurice v. State Farm Mut. Auto. Ins. Co.,* 235 F.3d 7, 9 n. 2 (1st Cir.2000).

We review the denial of a motion to amend a complaint for an abuse of discretion. *See Monahan v. New York City Dept. of Corrs.,* 214 F.3d 275, 283 (2d Cir.2000). Because responsive pleadings had been filed, Marsh could amend his complaint only by leave of court. *See* Fed. R.Civ.P. 15(a). A leave to amend should be freely granted in the absence of prejudice to the opposing party, bad faith on the part of the movant, or undue delay of the proceedings. *Monahan,* 214 F.3d at 283. In determining whether an amendment would cause prejudice, we consider whether "the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute." *Id.* at 284 (internal quotations omitted).

We agree with the magistrate judge that allowing the plaintiff to add additional defendants and new claims based on substantively different theories, three years after the filing of the original complaint, would cause defendants prejudice by requiring them to expend additional resources and, in addition, would significantly delay the resolution of the proceedings.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.