Not for Publication in West's Federal Reporter
Citation Limited Pursuant to 1st Cir. Loc. R. 32.3

# United States Court of Appeals
## For the First Circuit

No. 02-1872

MICHAEL E. JAQUES,
Plaintiff, Appellant,

v.

TOWN OF LONDONDERRY ET AL.,
Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Selya, Circuit Judge,

Farris,* Senior Circuit Judge,

and Howard, Circuit Judge.

Andru H. Volinsky, with whom Stein, Volinsky & Callaghan P.A. was on brief, for appellant.
Donald E. Gardner, with whom Michael A. Ricker and Devine, Millimet & Branch, P.A. were on brief, for appellees.

December 20, 2002

_____

*Of the Ninth Circuit, sitting by designation.

**Per Curiam**.  The case underlying this appeal arose out of an unfortunate incident that occurred during the early morning hours of September 16, 1997.  At that time, police responded to a 911 call at a residence located at 17 Windsor Boulevard, Londonderry, New Hampshire.  They patiently attempted to take into custody, and disarm, plaintiff-appellant Michael E. Jaques.  As the drama played out, gunfire erupted.  Jaques was severely wounded by a shot fired by Sgt. Gerard Dussault.

In the aftermath of the shooting, Jaques invoked 42 U.S.C. § 1983 and brought a federal civil rights suit against the Town of Londonderry (the Town) and several Londonderry police officers (including Sgt. Dussault, Chief Joseph Ryan, Officer Chris Gandia, and Officer Jack Slade).[1]  He alleged, inter alia, that Sgt. Dussault had used excessive force against him; that Chief Ryan and the Town had instituted a series of wrong-headed customs, policies, and practices; and, to make matters worse, that they had inadequately trained the Town's police officers.

After protracted pretrial discovery, the district court granted the defendants' motion for summary judgment.  See Jaques v. Town of Londonderry, No. 00-432, 2002 WL 1332491 (D.N.H. June 17, 2002).  This appeal followed.

---

[1]On appeal, Jaques pursues only his excessive force claim against Sgt. Dussault and his municipal liability claims against the Town and Chief Ryan.

There is no need to tarry. The district court wrote a lengthy, closely reasoned opinion addressing, and fully disposing of, the appellant's claims. Having carefully considered the record, the briefs, the appellant's assignments of error, and the parties' arguments, we conclude, without serious question, that the district court's disposition of the case was correct in all respects.

We have made it an article of faith "that when a lower court accurately takes the measure of a case and articulates a cogent rationale, it serves no useful purpose for a reviewing court to write at length." Seaco Ins. Co. v. Davis-Irish, 300 F.3d 84, 86 (1st Cir. 2002); accord Maurice v. State Farm Mut. Auto. Ins. Co., 235 F.3d 7, 9-10 (1st Cir. 2000); Chico-Velez v. Roche Prods., Inc., 139 F.3d 56, 58 (1st Cir. 1998); Ayala v. Union de Tronquistas de P.R., 74 F.3d 344, 345 (1st Cir. 1996); Holder's Capital Corp. v. Cal. Union Ins. Co. (In re San Juan Dupont Plaza Hotel Fire Litig.), 989 F.2d 36, 38 (1st Cir. 1993). This is a paradigmatic example of the sort of case in which that principle should be applied. Consequently, we affirm the district court's judgment for substantially the reasons elucidated in that court's thoughtful rescript. We add only four brief comments.

**First**: The appellant asseverates that summary judgment was barred by a plethora of factual disputes. He overlooks, however, that the mere presence of genuinely disputed facts does

not pretermit summary judgment.  "To achieve that end, the dispute must relate to a material fact."  Kearney v. Town of Wareham, ___ F.3d ___, ___ (1st Cir. 2002) (emphasis in the original) [No. 02-1264, slip op. at 10].  A fact is material if — and only if — it has the capacity to affect the outcome of the case.  United States v. One Parcel of Real Prop. (Great Harbor Neck, New Shoreham, R.I.), 960 F.2d 200, 204 (1st Cir. 1992).  The disputes to which the appellant alludes are about facts that are not critical to the proper adjudication of the summary judgment motion (and which, therefore, are not material).

**Second**:  As a result of his actions on the morning in question, the appellant pled guilty to a criminal charge of reckless conduct.  See N.H. Rev. Stat. § 631:3.  Under New Hampshire law, see, e.g., Hopps v. Utica Mut. Ins. Co., 127 N.H. 508, 511, 514 (1985), that plea admitted the material allegations contained in the indictment.  Thus, the correct starting point for analysis of the defendants' summary judgment motion was to take, as a given, that the appellant "recklessly engaged in conduct which placed another in danger of serious bodily injury."  In the circumstances at hand, that admission was damning.  See Napier v. Town of Windham, 187 F.3d 177, 184-85 (1st Cir. 1999).[2]

---

[2]We find unpersuasive the appellant's effort to distinguish Napier on the ground that, here, the admission did not encompass an imminent threat of harm.  While not an element of the offense to which he pled guilty, the imminence of the threat posed by the appellant's conduct is an inescapable inference from the undisputed

**Third**: There is no question here that the appellant, known to Sgt. Dussault to be a former Army Ranger, steadily advanced on Sgt. Dussault; that he was armed; that he refused to obey the officer's orders; that the officer retreated; that the appellant fired the first shot; and that another officer (later identified as Gandia) returned fire. Only then did Sgt. Dussault, believing that a comrade was under attack and that he himself was in jeopardy, discharge his weapon. Given the compressed time frame, the highly charged environment, and the kaleidoscopic sequence of events, a rational jury could not find that Sgt. Dussault's return of fire was objectively unreasonable. See Graham v. Connor, 490 U.S. 386, 396-97 (1989) (explaining that "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving — about the amount of force that is necessary in a particular situation"); accord Napier, 187 F.3d at 184-85, 187; Roy v. Inhabitants of City of Lewiston, 42 F.3d 691, 695 (1st Cir. 1994).

**Fourth**: We say only a few words about the claims against Chief Ryan and the Town. The bottom line is that the failure of the appellant's cause of action against Dussault dooms his attempt to impose liability on Chief Ryan and the Town. Without an underlying constitutional violation — and if Dussault is not

facts of record.

-5-

liable, there is no such violation here — a claim of municipal liability necessarily fails.  <u>See</u> <u>Nieves</u> v. <u>McSweeney</u>, 241 F.3d 46, 50 (1st Cir. 2001); <u>Evans</u> v. <u>Avery</u>, 100 F.3d 1033, 1040 (1st Cir. 1996).

We need go no further.  We hold that the district court did not err in granting the defendants' motion for <u>brevis</u> disposition.

**<u>Affirmed</u>**.