[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12898
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cr-00304-JA-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM A. WHITE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 10, 2018)

Before NEWSOM, FAY and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant William White, proceeding *pro se*, filed a motion for new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.  In his motion, Defendant did not set forth any arguments as to why he was entitled to a new trial.  He instead attempted to incorporate by reference his separately filed motion to vacate his sentence under 28 U.S.C. § 2255.  The district court denied Defendant's motion for new trial, and he now appeals that order.  After careful review, we affirm.

## I.    BACKGROUND

In 2014, a jury convicted Defendant of five counts of extortion by interstate communication, in violation of 18 U.S.C. §§ 875(b) and 2.  Specifically, Defendant "sent emails and posted messages online threatening to kidnap, rape, and murder Florida state officials—Walter Komanski, Lawson Lamar, Kelly Boaz, and their spouses, children, and grandchildren—with the intent to extort these officials into dismissing state charges against members of a white supremacist organization known as the American Front." *United States v. White*, 654 Fed. App'x 956, 958 (11th Cir. 2016) (unpublished).  Of relevance to the present appeal, Boaz was the case agent assigned to the American Front investigation. *Id.*  The district court sentenced Defendant to 210 months' imprisonment.  On direct appeal, we affirmed Defendant's conviction and sentence. *Id.* at 962, 972.

2

In April 2017, Defendant filed a motion to vacate his sentence under § 2255, a motion for new trial, and a motion to file documents under seal. The district court struck these motions and ordered Defendant to file a § 2255 motion that complied with the page limit and used the appropriate form.

On May 10, 2017, Defendant filed an amended § 2255 motion, raising multiple grounds for relief. Of relevance, in Ground 8, Defendant asserted that the Government failed to disclose impeachment evidence concerning Boaz—one of the victims who had testified at trial and at the sentencing hearing. Defendant also filed a motion requesting permission to file three exhibits that had previously been struck by the court.

Approximately two weeks later, the district court denied Defendant's request to file the three exhibits that he had submitted with his amended § 2255 motion.[1] Defendant then filed a second amended § 2255 motion, which the district court stated "shall supersede any previously filed motions to vacate, and this case will proceed with regard to the claims raised in the Second Motion to Vacate only." The court, however, struck the exhibits that Defendant attached to his motion, including an exhibit list and a sworn declaration.

---

[1] The docket entry for the amended § 2255 motion states that voluminous exhibits were removed and returned to Defendant.

3

In the meantime, on the same day that Defendant filed his amended § 2255 motion—May 10, 2017—Defendant filed the motion for new trial that is the subject of this appeal. In the motion, Defendant stated the following:

> 1) This motion is a companion to the motion vacate, set aside, or correct a sentence pursuant to 28 USC § 2255 which is being filed simultaneously to the instant motion. The entirety of the § 2255 motion, and, its exhibits, is hereby incorporated by reference.

> 2) For each, and, every, ground[] for relief pled in the accompanying motion, [Defendant] move[s] this Court to consider whether relief is available pursuant to Fed.R.Civ.P. 33,

> For the above reasons, [Defendant] move[s] this Court to grant a new trial in this matter based upon new evidence.

The district court denied Defendant's motion for new trial. Although Defendant's motion incorporated by reference his § 2255 motion, the court explained that Defendant's § 2255 motion did not identify any newly discovered evidence that would support a new trial. To the extent Defendant's claim pertaining to potential impeachment evidence against Boaz was newly discovered evidence, the evidence was merely cumulative or impeachment evidence. The court further determined that the evidence was insufficient to warrant a new trial because it was not of such a nature that a new trial would probably produce a different result. Accordingly, the court concluded that Defendant failed to establish a basis for a new trial.

4

Defendant filed a notice of appeal, indicating that he was appealing the district court's denial of his motion for new trial, in addition to every order striking the exhibits from his § 2255 motion.[2]

## II.    DISCUSSION

We review the district court's denial of a motion for new trial for an abuse of discretion. *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006). Rule 33 of the Federal Rules of Criminal Procedure provides in relevant part that a motion for new trial based on newly discovered evidence must be filed within three years of a guilty verdict being rendered. Fed. R. Crim. P. 33(b)(1). To obtain a new trial based on newly discovered evidence, a defendant must meet four requirements: "(1) the evidence must be newly discovered and have been unknown to the defendant at the time of trial; (2) the evidence must be material, and not merely cumulative or impeaching; (3) the evidence must be such that it would probably produce an acquittal; and (4) the failure to learn of such evidence must be due to no lack of due diligence on the part of the defendant." *United States v. Scrushy*, 721 F.3d 1288, 1304–05 (11th Cir. 2013). "Motions for a new trial based on newly discovered evidence are highly disfavored in the Eleventh

---

[2] This Court opened two separate appeals: the present appeal from the denial of the motion for new trial in the criminal case (17-12898) and a second appeal from Defendant's § 2255 proceedings (17-12916). This Court later *sua sponte* dismissed the appeal in case number 17-12916 as duplicative of the present appeal.

Circuit and should be granted only with great caution." *Campa*, 459 F.3d at 1151 (quotations omitted).

The district court did not abuse its discretion by denying Defendant's motion for new trial. For starters, in his motion, Defendant did not identify any grounds that supported a new trial, nor did he identify any newly discovered evidence. Instead, Defendant simply incorporated by reference his § 2255 motion and the supporting exhibits into his motion for new trial. If we accept—as the district court did—Defendant's incorporation of the claims raised in his amended § 2255 motion, the only claim that potentially could have supported a motion for new trial was Ground 8.[3]

In Ground 8, Defendant argued in relevant part that the Government failed to disclose impeachment evidence related to Boaz. Specifically, Defendant asserted that the Government did not disclose (1) a 1991 civil rights complaint against Boaz, (2) a 1994-95 reprimand against Boaz, (3) that Boaz killed a murder suspect in 2000, and (4) that Boaz was recruited to be a "disruption" agent in 2003. Defendant also asserted that Boaz perjured himself at trial by referring to the

---

[3] We note that Defendant's amended § 2255 motion filed on May 10, 2017, was later superseded by a second amended § 2255 motion.

6

American Front as a domestic terrorist organization and by claiming that he was not a computer guy.[4]

Assuming that the evidence pertaining to Boaz was newly discovered, Defendant cannot show that it was sufficient to warrant a new trial because it is nothing more than impeachment evidence. Indeed, Defendant's allegations against Boaz are based on Defendant's belief that the evidence would contradict Boaz's statements at trial, or otherwise cast doubt on his reliability as a witness. *See United States v. Champion*, 813 F.2d 1154, 1171 (11th Cir. 1987) (indicating that evidence that would impeach a witness's credibility was insufficient to support a new trial). Even more telling, Defendant refers to this evidence as impeachment evidence in his § 2255 motion.

Defendant also has not met the requirement of showing that the evidence related to Boaz would probably produce an acquittal at a new trial. At trial, Boaz testified about his work on the American Front investigation and how the threats he received affected him and his family. Even if the alleged evidence would have contradicted Boaz's testimony or otherwise called his credibility into question, it is not clear how this evidence would have established that Defendant was not the person who made the threats. Notably, we determined on direct appeal that the

---

[4] Defendant had also argued that Boaz perjured himself at the sentencing hearing by describing the emotional impact of seeing the threats against his daughters in print. Defendant has since voluntarily dismissed this claim.

7

Government presented sufficient evidence at trial to show that Defendant was the person who made the threats. *White*, 654 Fed. App'x at 963–65. In short, Defendant has not met his burden of showing that the district court abused its discretion by denying his motion for new trial.

Defendant also appears to assert for the first time on appeal that a new trial was warranted based on several other claims set forth in his § 2255 motion. The grounds for relief Defendant now points to as being relevant to his Rule 33 motion relate to ineffective assistance of counsel, prosecutorial misconduct, and his competence to stand trial based on the allegation that he was tortured. Defendant, however, does not explain how any of these grounds support a new trial.

But regardless, the factual allegations supporting these claims would have been within Defendant's knowledge at the time of trial. For example, at the time of trial, Defendant would have been aware of the alleged torture that rendered him incompetent. As to his ineffective-assistance-of-counsel claims, Defendant argued that his counsel was ineffective for failing to investigate and present evidence, confront prosecutorial misconduct, identify a conflict of interest, and investigate Defendant's mental health. Because the factual allegations underlying these claims were necessarily either known to Defendant at the time of trial, or could have been discovered through the exercise of due diligence, these claims are insufficient to warrant a new trial. *See Scrushy*, 721 F.3d at 1304; *see also Johnson v. Upton*, 615

8

F.3d 1318, 1330 (11th Cir. 2010) ("[T]o establish deficient performance, a defendant must show that counsel's conduct fell below an objective standard of reasonableness in light of prevailing professional norms at the time the representation took place." (quotations omitted)).

Additionally, Defendant asserts that the district court denied his motion for new trial only after striking all of the exhibits he had submitted with his § 2255 motion. Though somewhat unclear, Defendant appears to argue that the district court denied his motion for new trial because it had no evidence to consider. Defendant's argument is misplaced, however. The district court did not deny Defendant's motion for new trial because there was no evidence for it to consider. To the contrary, the court denied Defendant's motion because he failed to identify any newly discovered evidence, in addition to the fact that the only evidence that potentially could have supported a motion for new trial was impeachment evidence and not of such a nature that a new trial would probably produce a different result.

As a final matter, to the extent Defendant attempts to challenge the district court's orders striking the exhibits in his § 2255 proceedings, the district court has not yet ruled on Defendant's § 2255 motion, so any challenge as to those proceedings is not properly before us. *See* 28 U.S.C. § 1291 ("The court of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States. . . ."); *CSX Transp., Inc. v. City of Garden City*, 235 F.3d

9

1325, 1327 (11th Cir. 2000) ("A final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (quotations omitted)).

Accordingly, the district court's order denying Defendant's motion for new trial is **AFFIRMED**.[5]

---

[5] The Government's motion to file a corrected brief and appendix related to Exhibit 6 is **GRANTED**.  In light of this ruling, Defendant's motion to strike Exhibit 6 is **DENIED AS MOOT**.