**Alphy PARENT, Jr.**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY.**

Supreme Judicial Court of Maine.

Oct. 5, 1967.

Phillips & Olore, by Hugo A. Olore, Jr., Presque Isle, for plaintiff.

James M. Coyne, Caribou, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ.

TAPLEY, Justice.

On appeal. Complaint for declaratory judgment seeking judgment as to whether or not defendant is obligated to the plaintiff under and by virtue of an endorsement to a regular standard combination policy issued to him by the defendant and, further, that the court declare the rights of the parties thereunder.

On motion for summary judgment by plaintiff the Justice below adjudged, " * * that the vehicle described in the Complaint is an 'automobile' as defined in the insurance policy and that this policy covers the accident as described." From this judgment the defendant appealed. The parties agreed to submit to this court an agreed statement of facts which was approved by the Justice below. M.R.C.P., Rule 76.

The point of appeal relied upon by the defendant-appellant is that the mobile crane which caused injury to the plaintiff cannot be considered to be an "automobile" within the policy definition of the word.

The only issue in the case is, did the presiding Justice commit error in finding that the vehicle involved was an "automobile" as defined in the insurance policy? The agreed statement of facts is couched in the following language:

"The plaintiff Alphy Parent was injured on January 4, 1963, in the course of his employment as a steel worker. His injury occured (sic) when he was knocked off a steel frame of a building, being then constructed, by the boom of a truck crane being used in the construction job. As a result of the injury he sustained, he was totally disabled for an extended period of time, which total disability was

the direct result of an accident through being struck by said motor vehicle.

"At the time of this accident there was in effect an insurance policy written by the defendant company, insuring the plaintiff as is more particularly set forth in the complaint for declaratory judgment * * *. The plaintiff claimed benefits but the defendant company declined to pay because it believes that the policy in question does not provide benefits to the plaintiff in this case.

"After this defendant company declined to pay his claim, the plaintiff filed a complaint for declaratory relief * * * and the defendant company filed its answer thereto * * *.

"The case was heard by the presiding Justice of the Aroostock County Superior Court on August 20, 1963. At this hearing no witnesses were presented by either party. It was agreed by the parties to submit photographs of the vehicle and the photographs were to speak for themselves in describing the vehicle involved. Each party through the attorneys presented arguments on their respective contentions. At the close of this presentation, counsel was requested by the presiding Justice to present in letter form their respective position, which letters are made a part of the record. Defendant's letter is marked Exhibit C, and Plaintiff's letter is marked Exhibit D.

"On November 12, 1965, judgment for the plaintiff was entered. A copy of this judgment is included as part of this record and is designated as Exhibit E.

"Notice of appeal was filed by the defendant on December 6, 1965, and a copy thereof marked Exhibit F is made part of this record.

"That portion of Paragraph 8 of the complaint which reads in part as follows: '(1) a farm type tractor or other equipment *designated* for use principally off public roads' * * * is erroneous. It should read '(1) a farm type tractor or other equipment *designed* for use principally off public roads.' "

Later the agreed statement was amended. The amendment states:

"It is stipulated and agreed by and between the parties that the portion of the order of the Justice of the Superior Court * * * which reads 'Please take notice that an order was entered herein on November 12, 1965, * * * on the motion for Summary * * * Judgment should be corrected to read as follows, 'Please take notice that an order was entered herein on November 12, 1965, * * * on the Petition for Declaratory * * * Judgment * * *,' etc.

"It is further stipulated and agreed that an Agreed Statement of Facts, * * * may be amended by adding the following sentence to the first paragraph of the Agreed Statement of Facts * * *.

" 'At the time of the accident, said mobile crane was not upon a public road.' "

The pertinent provision of the policy of insurance reads:
"3. Automobile Defined

"With respect to this insurance the word 'automobile' means a land motor vehicle or trailer not operated on rails or crawler treads, but does not mean: (1) a farm type tractor or other equipment designed for use principally off public roads, except while actually upon public roads, or (2) a land motor vehicle or trailer while located for use as a residence or premises and not as a vehicle."

There are two photographs of the vehicle as exhibits. They represent the precise vehicle which was involved in the accident but do not depict it as being in the place of accident.

"If the terms of the policy present no ambiguity, they are to be taken and understood, as a usual thing, according to their plain and ordinary sense." Johnson

v. American Automobile Insurance Company, 131 Me. 288, 292, 161 A. 496.

"A contract of insurance, like every other contract, must receive a reasonable construction, and the whole contract is to be considered." Wheeler v. Phoenix Assurance Company, Ltd., 144 Me. 105, 107, 65 A.2d 10.

The vehicle involved in these proceedings is named a "Moto Crane." It is propelled by an internal combustion engine. It is not constructed for the purpose of carrying passengers, nor is it designed for that purpose.

"Automobile. 4-wheeled automotive vehicle designed for passenger transportation on streets and roadways and commonly propelled by an internal combustion engine using a volatile fuel." Websters Third New International Dictionary.

" 'Automobile,' as used in its ordinary acceptation, is motor-driven vehicle having four wheels, body, sides, and top, suitable and intended for conveyance of persons." Words & Phrases, Vol. 4, Page 857.

Reference is made to 74 A.L.R.2d, with annotations beginning on page 1264; 38 A.L.R.2d, with annotations beginning on page 867; and Vol. 4 A.L.R.2d, Later Case Service at page 538.

Many cases have defined the word "automobile" as used in insurance policies, no two of which are alike, resulting in different constructions, depending upon how and in what connection the word is used. Basically, the authorities agree that an automobile is a self propelled vehicle designed for the purpose of carrying passengers and merchandise.

In the insurance policy now before us we have a policy definition that an automobile is "a land motor vehicle or trailer not operated on rails or crawler treads." The section goes on to state that this does not mean "a farm type tractor or other equipment designed for use principally off public roads, except while actually upon public roads * * *." It is apparent and without contradiction that this vehicle was designed to be used primarily and principally as a crane. Under the particular circumstances of the instant case the crane was being used on a construction job off the highway and while so being used the boom of the truck crane knocked the plaintiff from a steel frame of a building then under construction. The crane at the time of the occurrence of the injury was not actually upon a public road.

The policy definition of "automobile" expressly states that the word "automobile" as used in the policy does not mean "a farm type tractor or *other equipment designed for use principally off public roads,* except while actually upon public roads." (emphasis supplied).

We are of the opinion, and so find, that the "Moto Crane" is not an "automobile" as defined in the policy of insurance.

Appeal sustained.