Richard K. LANE

v.

The HARTFORD INSURANCE GROUP.

Supreme Judicial Court of Maine.

Argued Jan. 12, 1982.

Decided July 23, 1982.

Gross, Minsky, Mogul & Singal, P. A., Carl F. Rella (orally), Jules L. Mogul, Bangor, Tanous & Beaupain, Dean A. Beaupain, Millinocket, for plaintiff.

Eaton, Peabody, Bradford & Veague, John E. McKay, Daniel G. McKay (orally), Bangor, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

The Plaintiff, Richard K. Lane, claiming coverage under an automobile liability insurance policy, brought this action against the Defendant, The Hartford Insurance Group, and is seeking on appeal to have this Court so construe the "borrowed vehicle" and "uninsured motor vehicle" endorsements of that policy as to permit him to recover. The Superior Court, Penobscot County, held that neither endorsement afforded coverage to the Plaintiff for this particular loss.

We deny the appeal.

In 1974 the Plaintiff obtained a liability policy covering his pulpwood truck from the Defendant. On August 16, 1974, he delivered a load of wood to the International Paper Company yard in Mattawamkeag, Maine. Gary Theriault, who was under contract with the Company to unload trucks at the yard with a crane which Theriault owned, began to unload the Plaintiff's truck.

The Plaintiff was standing on the "swing cylinder" of his truck, which is located above the cab. A pin which held the pulley on the boom of Theriault's crane broke, causing its bucket to fall on the Plaintiff's truck with sufficient force to throw the Plaintiff to the ground. The Plaintiff sustained numerous injuries.

After first notifying the Defendant of the injuries and his claim under the policy, the Plaintiff brought an action against Theriault. The Defendant was notified of this action and the subsequent judgment of $50,000 which was stipulated to by the Plaintiff and Theriault, who was himself uninsured. The judgment remains unsatisfied. The insurance policy issued by the Defendant and at issue here has limits of $50,000 for liability coverage and $20,000 for uninsured motorists coverage.

The Plaintiff contends that Theriault, while unloading the Plaintiff's truck, was a borrower of the truck under the following clause of the policy:

It is agreed that the insurance for Bodily Injury Liability and Property Damage Liability does not apply to injury, sickness, disease, death or destruction which arises out of the loading or unloading of an automobile, provided that this limitation does not apply with respect to claims made or suits brought against the following insureds:

\* \* \* \* \* \*

(b) A lessee or borrower of the automobile or an employee of either of them or of the named insured . . . .

Theriault told the Plaintiff where to park his truck and would not unload it unless the Plaintiff followed those directions. He had authority to stop unloading at any time. The Plaintiff could not stop the unloading once it began. The Plaintiff suggests that these facts establish sufficient control to make Theriault a borrower, a term which is not defined in the policy.

We disagree.

The definition of the term given by the Indiana Court of Appeals is similar to that used by the courts of several jurisdictions which have considered this question and is one we apply in the case before us:

To be a borrower, a person must have possession of the vehicle, possession connoting the right to exercise dominion and control over the vehicle. General supervision or even the actual performance of loading or unloading operations will not make one a borrower of the vehicle involved; there must be evidence of possession.

*Protective Insurance Company v. Coca-Cola Bottling Company*, 423 N.E.2d 656, 660 (Ind.

App.1981). Merely directing the driver to the unloading site does not make one a borrower. *Robinson v. Excaliber Insurance Company*, 598 S.W.2d 324 (Tex.Civ.App. 1980). Directing him to a site, when combined with the right to shut down unloading operations, does not make one a borrower. *Atlantic Mutual Insurance Company v. Gulf Insurance Company*, 596 S.W.2d 326 (Tex.Civ.App.1980).

■ While Theriault was directing the use of the Plaintiff's vehicle we cannot say that the trial court erred in concluding that he was not a borrower within the meaning of the policy. The evidence adduced by the Plaintiff does not establish possession of his vehicle by Theriault. *See, e.g., National Union Insurance Companies v. Inland Crude, Inc.*, 433 F.2d 584 (10th Cir. 1970).

■ Secondly, the Plaintiff contends that he may recover from the Defendant under his policy for damages caused by an uninsured automobile[1]. The policy defines an uninsured automobile to exclude "a farm type tractor or equipment designed for use principally off public roads, except while actually upon public roads." The Plaintiff suggests that the words "farm type" apply to both "tractor" and "equipment"; since Theriault's crane is not farm type equipment, he urges it is not excluded.

Again, we disagree.

The parties agree that Theriault's crane is designed for use principally off public roads and in fact requires a special permit to travel on public roads. This Court has already determined that the words "farm type" do not modify "equipment" when the exclusion is worded as follows: "a farm type tractor or *other* equipment designed for use principally off public roads." *Parent v. United States Fidelity and Guaranty Company*, Me., 233 A.2d 435, 437 (1967) (emphasis added). There we held that a motorized crane was not an automobile within the policy definition.

We find no reason to change our interpretation of such a clause when the word "other" is deleted. The standard industry policy apparently includes the word. A. Widiss, *A Guide to Uninsured Motorist Coverage* § 2.30 (1969). But its omission cannot be taken to reverse the meaning of the phrase.

■ The Plaintiff also argues that such an exclusion contravenes the public policy embodied in our statute requiring uninsured motorists coverage. That coverage is intended "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured ... motor vehicles." 24–A M.R.S.A. § 2902(1). The term "motor vehicles" is not defined in Title 24–A. It is defined in Title 29 as "any self-propelled vehicle not operated exclusively on tracks, including motorcycles, but not including snowmobiles." 29 M.R.S.A. § 1(7) (1978).

This definition might well include Theriault's crane, but the definition provided in Title 29 is specifically limited in application to that title. 29 M.R.S.A. § 1. Therefore, unless the policy's exclusion of equipment designed for off-road use is more restrictive than 24–A M.R.S.A. § 2902 allows, it must stand. Because Theriault's crane was equipment principally designed for off-road, non-mobile use and here was not even being "operated" upon a public road, we find no compelling reason to conclude that it was a

---

1. The relevant policy language tracks the language of 24–A M.R.S.A. § 2902 (1974 and Supp. 1981–1982), which provides, in pertinent part:

§ 2902. *Uninsured vehicle coverage; Insolvency of Insurer*

1. No policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any such vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured, underinsured or hit-and-run motor vehicles, for bodily injury, sickness or disease, including death, resulting from the ownership, maintenance or use of such uninsured, underinsured or hit-and-run motor vehicle ....

2. The amount of coverage to be so provided shall not be less than the minimum limits for bodily injury liability insurance provided for under Title 29, section 787, subsection 1.

motor vehicle within the meaning of 24–A M.R.S.A. § 2902.

 Because the Superior Court did not err in concluding that on either theory the Defendant was not liable to the Plaintiff for this particular loss, it was unnecessary to reach the issue of damages [2].

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.

---

**2.** In the following exchange counsel for the Defendant asserted at trial that he "reserved" the issue of damages:

> [Counsel for Plaintiff]: . . . There is no issue, Your Honor, concerning damages.
> [Counsel for Defendant]: I am not stipulating to that. I think we are prepared to stipulate that Mr. Lane has recovered a judgment against Mr. Theriault, whether that judgment applies to the Defendant in this case is certainly an issue that the court may have to deal with . . . .

Because the Superior Court found no liability in this case, further consideration of damages was unnecessary. However, this Court will only consider as final a judgment which "fully decides and disposes of the whole cause leaving no further questions for the future consideration and judgment of the Court." *Hazzard v. Westview Golf Club, Inc.*, Me., 217 A.2d 217, 222 (1966); Field, McKusick & Wroth, *Maine Civil Practice* § 73.1 (Supp.1981). With a different outcome on the liability issues, the Defendant's purported "reservation" of an issue might have resulted in a "piecemeal" appeal and prevented review by this Court.