ENTERED FEB 1 2 2015

STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
LOCATION: Augusta
Docket No. CV-13-100

MMM-KEN-12-30-2014

JUDITH M. GALIPEAU, Personal
Representative of the ESTATE OF PAUL
R. GALIPEAU,

              Plaintiff,

    v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

              Defendant.

**ORDER ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND
PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT**

        Defendant State Farm Mutual Automobile Insurance Company ("State Farm")

issued four insurance policies in which Paul R. Galipeau was a named insured. Def.'s

S.M.F. ¶¶ 3, 15-18. Each insurance policy had a $100,000 uninsured motorist ("UM")

coverage limit. *Id.* On August 15, 2012, Mr. Galipeau was fatally injured while

operating his motorcycle—a 1998 Harley Davidson FXSTC cruiser—in an accident that

involved a vehicle driven by non-party James Mitton. *Id.* at ¶¶ 1-2, 4.

        Plaintiff Judith M. Galipeau, as personal representative of Mr. Galipeau's estate,

(the "Estate") brought suit against Mr. Mitton alleging his negligence proximately caused

Mr. Galipeau's death. *Id.* at ¶ 6; Pl.'s S.M.F. ¶ 6. Mr. Mitton carried $50,000 in liability

insurance with GEICO. Def.'s S.M.F. ¶ 5. The Estate settled the negligence case with

Mr. Mitton for his $50,000 policy limit, with State Farm's knowledge and consent. *Id.* at

¶ 6; Pl.'s S.M.F. ¶ 6. Subsequently, State Farm paid $50,000 to the Estate under the

policy issued for Mr. Galipeau's motorcycle. Def.'s S.M.F. ¶ 9. This amount

represented the difference between the $100,000 in UM coverage provided by that policy and the $50,000 the Estate collected from Mr. Mitton's liability coverage. *Id.*

In the present action, the Estate seeks coverage under the three non-motorcycle insurance policies and damages arising out of State Farm's denial of coverage under said policies. Complaint, ¶¶ 7-13.[1] State Farm moves for summary judgment arguing that the "other-owned vehicle" exclusions in the non-motorcycle policies bar coverage for Mr. Galipeau's bodily injury under said policies. State Farm also argues summary judgment is warranted because under the anti-stacking provision, present in all four policies, the Estate reached its coverage limitation. In support of this argument, State Farm argues that the Galipeaus were clearly and unambiguously notified that pursuant to a new policy form, their coverage was subject to the anti-stacking provision.

. The Estate opposes State Farm's motion for summary judgment and files its own motion for partial summary judgment arguing that the other-owned vehicle exclusions are inconsistent with Maine's UM statute and should be held unenforceable in any context, let alone here where the insured paid premiums under each of the four policies. The Estate also argues that the anti-stacking provisions were not properly added to the Galipeaus policies and that, in any event, they are unenforceable because they have the effect of impermissibly leaving the non-motorcycle policies void of statutorily required UM coverage.

For the reasons discussed below, the court grants State Farm's motion for summary judgment against the Estate's complaint because the other-owned vehicle exclusion bars coverage to the Galipeaus under the non-motorcycle policies. Since

---

[1] The Estate's Complaint does not assert individualized causes of action.
[2] The "cars" covered under the policies are identified in the table provided above

2

coverage under the non-motorcycle policies does not exist, the court need not address the parties' arguments regarding the effect of the anti-stacking provision as that provision is premised on the existence of coverage.

## I. Factual Background

As discussed, Mr. Galipeau was fatally injured on August 15, 2012 while operating his motorcycle in an accident with Mr. Mitton. Def.'s S.M.F. ¶¶ 1-2, 4. Thereafter, the Estate sued Mr. Mitton claiming his negligence proximately caused Mr. Galipeau's death. *Id.* at ¶ 6; Pl.'s S.M.F. ¶ 6. The Estate settled with Mr. Mitton—with the knowledge and consent of State Farm—for $50,000, the limit of Mr. Mitton's liability insurance. Def.'s S.M.F. ¶¶ 5-6; Pl.'s S.M.F. ¶ 6.

At the time of the accident Mr. Galipeau was a named insured on four motor vehicle liability policies issued by State Farm:

| Policy Number | Effective Date | Vehicle Insured | Uninsured Motorist Coverage Limit |
|---|---|---|---|
| 007-1073-B06-19C | August 6, 2011 | 1998 Harley Davidson FXSTC Cruiser | $100,000 |
| 012-0919-A01-19P | January 1, 2011 | 2006 Ford F-350 Pick-Up Truck | $100,000 |
| 008-7061-A10-19E | January 10, 2011 | 2011 Toyota Camry | $100,000 |
| 029-6334-D10-19F | April 10, 2011 | 2002 Ford F-250 Pick-Up Truck | $100,000 |

Def.'s S.M.F. ¶¶ 3, 15-18. Policy Numbers 012-0919-A01-19P, 008-7061-A10-19E, and 029-6334-D10-19F constitute the "non-motorcycle policies," while Policy Number 007-1073-B06-19C constitutes the "motorcycle policy."

As demonstrated in the table above, each policy insured a single vehicle, and provided UM coverage with a per person coverage limit of $100,000. *Id.* at ¶¶ 3, 7.

3

When initially issued, the terms of the policies were contained, *inter alia*, in the State Farm Car Policy, Policy Form 9819A ("Policy Form 9819A"). *Id.* at ¶ 28. In 2011, State Farm decided to modify Policy Form 9819A, and issued the new State Farm Car Policy Booklet, Policy Form 9819B ("Policy Form 9819B"). *Id.* at ¶¶ 11, 27, 37. At the time of Mr. Galipeau's accident, the terms of the policies were contained, *inter alia*, in Policy Form 9819B. *Id.* at ¶ 11. For the purposes of this dispute, the policies were the same after the institution of Policy Form 9819B except for a new "anti-stacking" provision. *See id.* at ¶¶ 29-31.

The Estate demanded payment of $350,000 from State Farm, equaling the aggregate of the UM coverage limit contained in each of the four State Farm policies, less the $50,000 the Estate collected from the liability coverage of Mr. Mitton. *Id.* at ¶ 8. State Farm paid $50,000 to the Estate under policy number 007-1073-B06-19C—the policy issued for Mr. Galipeau's motorcycle—representing the difference between the $100,000 in UM coverage provided by that policy and the $50,000 the Estate collected from Mr. Mitton's liability coverage. *Id.* at ¶ 9. The Estate now seeks $300,000 in UM coverage benefits under the non-motorcycle policies, which takes into account the $100,000 already paid ($50,000 by State Farm and $50,000 by Mr. Mitton's liability coverage). *Id.* at ¶ 10.

The policies under both Policy Form 9819A and B contained the following pertinent provisions and definitions:

1) An other owned vehicle exclusion providing, in pertinent part that:
   THERE IS NO COVERAGE…

   2.    FOR AN **INSURED** WHO SUSTAINS **BODILY INJURY**:

4

a. WHILE **OCCUPYING** A MOTOR VEHICLE **OWNED BY YOU** OR ANY **RESIDENT RELATIVE** IF IT IS NOT **YOUR CAR** OR A **NEWLY ACQUIRED CAR**... (*Id.* at ¶ 12; Def.'s Exhibits 1-4, Policy Form 9819B, Exclusions, p. 17, ¶ 2.a.);

2) The definition of "**Bodily Injury**" in the non-motorcycle policies means "bodily injury to a person and...death that results from it" (Def.'s S.M.F. ¶ 13; Exhibits 2-4, Policy Form 9819B, Definitions, p. 4);

3) The definition of "**YOUR CAR**" in the non-motorcycle policies means, "the vehicle shown under 'YOUR CAR' on the Declarations Page (Def.'s S.M.F. ¶ 14; Exhibits 2-4, Policy Form 9819B, Definitions, p. 6)[2];

4) The definition of a "**NEWLY ACQUIRED CAR**" in the non-motorcycle policies to mean "a **car** newly **owned by you**." (Def.'s S.M.F. ¶ 19; Exhibits 2-4, Policy Form 9819B, Definitions p. 4.); and

5) The definition of "**CAR**" in the non-motorcycle policies to mean "a land motor vehicle with four or more wheels..." (*Id.*)

As noted, the pertinent change for purposes of this dispute between Policy Form 9819A and B is the addition of an anti-stacking clause in Policy Form 9819B. The anti-stacking clause provides that:

**If Other Uninsured Motor Vehicle Coverage Applies:**

1. If uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to **you** or any **resident relative** by the **State Farm Companies** apply to the same **bodily injury**, then:

a. The Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and

b. The maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. **We** may choose one or more policies from which to make payment.

---

[2] The "cars" covered under the policies are identified in the table provided above and in Def.'s S.M.F. ¶¶ 4, 15-18

Def.'s S.M.F. ¶ 30; Def.'s Exhibits 1-4, Policy Form 9819B, If Other Uninsured Motor Vehicle Coverage Applies, p. 18, ¶ 1.

## II. Discussion

### A. *Standard of Review*

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653.) A "material fact" is one that can affect the outcome of the case, and a genuine issue exists when there is sufficient evidence for a fact finder to choose between competing versions of the fact. *Lougee Conservancy v. City-Mortgage, Inc.*, 2012 ME 103, ¶11, 48 A.3d 774.

When the defendant moves for summary judgment, it should be granted when the evidence favoring the plaintiff is insufficient to support a verdict as a matter of law. *Bouchard v. Am. Orthodontics*, 661 A.2d 1143, 1144-45 (Me. 1995). On a motion for summary judgment, the evidence is to be viewed in the light most favorable to the non-moving party. *Farrington Owners' Assn. v. Conway Lake Resorts*, 2005 ME 93, ¶ 9, 878 A.2d 504.

### B. *The Other-Owned Vehicle Exclusion in the Three Non-Motorcycle Policies Bars Coverage for the Estate's Claim.*

State Farm argues the non-motorcycle policies do not provide coverage for the Estate's claims based on the other-owned vehicle exclusion clause because Mr. Galipeau sustained "bodily injury" while occupying a car he owned, but did not constitute "your car" or a "newly acquired car" as those terms are defined by the non-motorcycle policies. The other-owned vehicle exclusion provides that there is no coverage for a policyholder

6

who sustains bodily injury while occupying a motor vehicle owned by the insured or any resident relative if it is not "your car" or a "newly acquired car." Def.'s S.M.F. ¶ 12; Def.'s Exhibits 1-4, Policy Form 9819B, Exclusions, p. 17, ¶ 2.a. State Farm argues that similar "other-owned vehicle exclusions" have been upheld and enforced in Maine for nearly thirty years. In support, State Farm cites:

> *Hare v. Lumbermens Mutual Cas. Co.*, 471 A.2d 1041, 1043 (Me. 1984) ("uninsured motorist coverage on one of a number of vehicles owned by an insured does not extend the benefit of such coverage, for no premium, to all other vehicles owned by that insured");

> *Brackett v. Middlesex Ins. Co.*, 486 A.2d 1188, 1190-91 (Me. 1985) (rejecting argument that once an insurer has paid a premium for uninsured motorist coverage, he is entitled to protection no matter where he is when injured by an uninsured motorist and finding other-owned vehicle exclusion did not violate 24-A M.R.S.A. § 2902);

> *Gross v. Green Mountain Ins. Co.*, 506 A.2d 1139, 1141-42 (Me. 1986) (affirming summary judgment in favor of insurer based on other-owned vehicle exclusion and finding that "uninsured motor coverage as required by [24-A M.R.S.A. §] 2902 may be limited to persons operating certain vehicles and does not require coverage for the insured in all situations");

> *Bear v. United States Fidelity & Guaranty Co.*, 519 A.2d 180, 182 (Me. 1986) (affirming summary judgment in favor of insurer based on other-owned vehicle exclusion where decedent owned, but did not insure vehicle she was in when killed);

> *Cash v. Green Mountain Ins. Co., Inc.*, 644 A.2d 456, 457 (Me. 1994) (affirming summary judgment in favor of insurer based on other-owned vehicle exclusion and explaining that the other-owned vehicle exclusion was "not clearly in violation of some well established rule of law");

> *Maurice v. State Farm Mut. Auto Ins. Co.*, 235 F.3d 7, 9-10 (1st Cir. 2000) ("[s]ince the motorcycle which the decedent was driving at the time of the accident was owned by him but insured under a separate policy, [the other-owned vehicle] exclusion, by its terms, avoids coverage for the appellant's claims"); and

> *Hall v. Patriot Mutual Ins. Co.*, 2007 ME 104, ¶ 15, 942 A.2d 663 (Me. 2008) (holding that an "other-owned vehicle" exclusion "unambiguously applie[d]" to preclude recovery by the wife of a deceased motorcyclist

7

under an automobile policy, where the decedent was killed while operating a motorcycle he owned but did not insure through the automobile policy).

Based on this authority, State Farm argues the other-owned vehicle exclusion in the non-motorcycle policies apply and bar coverage for the Estate's claims.

The Estate does not dispute that on its face, the other-owned vehicle exclusion applies to the facts of the case. Furthermore, without addressing all of the case law cited by State Farm, the Estate recognizes that several Law Court opinions have upheld other-owned vehicle exclusions.

The Estate, however, argues that the rationale behind the exclusion does not apply in this case and that, as a result, the exclusion violates the public policy of 24-A M.R.S. § 2902(1). In particular, the Estate claims that the rationale behind enforcing the exclusion was laid out in *Hare v. Lumbermens Mut. Cas. Co.*, which explained that "uninsured motorist coverage on one of a number of vehicles owned by an insured does not extend the benefits of such coverage, **for no premium**, to all other vehicles owned by that insured." 471 A.2d 1041, 1043 (Me. 1984) (emphasis added by the Estate's Opposition to State Farm's Motion for Summary Judgment and Motion for Partial Summary Judgment). Pointing to the "no premium" language, the Estate argues the rationale enunciated in *Hare* does not apply in this case because Mr. Galipeau's motorcycle was insured at the time of the accident under separate policies issued by State Farm, under which the insured paid premiums. The Estate does not, however, explain how the Galipeaus paid premiums under the non-motorcycle policies for the motorcycle when those policies were not defined to include the motorcycle. Accordingly, the Galipeaus fit

8

squarely within the rationale adopting the other-owned vehicle exclusion because they did not pay a premium for the motorcycle under the non-motorcycle policies.

The Estate also argues that while Law Court opinions have upheld the other-owned vehicle exclusion, there is only one Maine case directly on point, *Gross v. Green Mountain Ins. Co.*, 506 A.2d 1139. The Estate argues the Court should not follow *Gross* because after that case was decided in 1986, there has been a national trend towards finding the other-owned vehicle exclusion unenforceable. In particular, the Estate contends that courts in a majority of jurisdictions have found the other-owned vehicle exclusion, also referred to as the "household exclusion," void unless specifically authorized under a relevant uninsured/underinsured motorist statute. *See* 1 Alan I. Widiss & Jeffrey E. Thomas. *Uninsured and Underinsured Motorist Insurance*, § 4.19 at pp. 201-14 (3d ed. 2005) (citing and summarizing cases from multiple jurisdictions—not including Maine—that reject the other-owned vehicle exclusion unless specifically authorized by statute); Jane Boeth Jones, J.D., *Uninsured Motorist Coverage: Validity of Exclusion of Injuries Sustained by Insured While Occupying "Owned" Vehicle Not Insured by Policy*, 30 A.L/R/ 4th 172, at [3b] (same).

The Estate also cites to Justice Silver's concurrence in *Pease v. State Farm Mut. Auto. Ins. Co.* as evidence that the Law Court is moving towards the majority position rejecting the other-owned vehicle exclusion. 2007 ME 134, ¶¶ 12-17, 931 A.2d 1072. In Justice Silver's concurrence he opined that a "regular use" exclusion—whereby an insured could not recover for accidents in another vehicle if the vehicle was provided for the insured's regular use—violated the uninsured motorist statute because it was contrary to 24-A M.R.S. § 2902. *Id.* at ¶ 13. This was because section 2902 did not reference any

9

exclusions and the Law Court had explained that it would not sanction reductions in coverage not provided for by the legislature. *Id.* Justice Silver went on to explain that the Law Court has never upheld any exclusion to UM coverage "outside some variation on the owned-uninsured exception," i.e. the other-owned vehicle exclusion, and went on to cite examples where courts have held insurers may not limit UM coverage through UM policies. *Id.* at ¶ 14. Justice Silver noted that opinions in other states have found the "regular use" exclusion invalid because UM coverage is "portable under all circumstances." *Id.* at ¶ 15 (citations omitted). In other words, UM coverage is available "at all times and under all circumstances when a named insured sustains injury caused by accident as a result of an uninsured automobile." *Id.* (quoting *Bilbrey v. Am. Auto. Ins. Co.*, 495 S.W.2d 375, 376 (Tex.Civ.App. 1973). Justice Silver found this reasoning consistent with the policy and purpose of Maine's UM statute and found construing the UM statute broadly to prohibit such exclusions follows the legislative intent to close coverage gaps rather than endorse patchwork policies that leave responsible, insured consumers without the protection they have paid for. *Id.* at ¶ 16.

While the rationale behind Justice Silver's concurrence arguably supports invalidating other-owned vehicle exclusions, the concurrence specifically notes that the Law Court *has* accepted the other-owned vehicle exclusion. *Id.* at 14. The concurrence did not challenge or critique the Law Court's prior recognition of the other-owned vehicle exclusion. *See id.* In addition, the Law Court issued *Hall* subsequent to its opinion in *Pease*. As noted, *Hall* upheld the application of the other-owned vehicle exclusion. 2007 ME 104, ¶ 15, 942 A.2d 663. Furthermore, the *Hall* court noted that the Law Court has "upheld policy exclusions similar to the [other-owned vehicle

10

exclusions at issue in this case] against arguments that the exclusions violated insurance statutes. *Id.* at ¶ 11 *(citing* Cash v. Green Mountain Ins. Co., 644 A.2d at 457-58; *Bear v. U.S. Fidelity & Guaranty Co.*, 519 A.2d at 181-82; and *Gross v. Green Mountain Ins. Co.*, 506 A.2d at 1141-42. Accordingly, while the national trend may hold the other-owned vehicle exclusion void unless specifically authorized by statute, Maine law is clear that the other-owned vehicle exclusion in the non-motorcycle policies is valid.

Since the other-owned vehicle exclusion applies, the evidence is clear that the non-motorcycle policies do not provide coverage for the Estate's claims. This is because Mr. Galipeau sustained his bodily injury while occupying a motor vehicle that was not "your car" under the non-motorcycle policies. *See* Def.'s S.M.F. ¶¶ 12-14, 19, Def.'s Exhibits 2-4 Policy Form 9819B, Definitions, pp. 4, 6, Exclusions, p. 17, ¶1.a. As a result, the court need not address the parties' argument regarding the effect of the anti-stacking provision because those arguments are premised on coverage existing under the non-motorcycle policies. Def.'s S.M.F. ¶ 30; Def.'s Exhibits 1-4, Policy Form 9819B, If Other Uninsured Motor Vehicle Coverage Applies, p. 18, ¶ 1. Accordingly, the court grants State Farm's motion for summary judgment and denies the Estate's motion for partial summary judgment.

## III.    Conclusion

The other-owned vehicle exclusion in the non-motorcycle policies bars coverage for bodily injury that occurs while occupying a motor vehicle owned by the insured or any resident relative if it is not "your car" or a "newly acquired car." Def.'s Exhibits 1-4, Policy Form 9819B, Exclusions, p. 17, ¶ 2.a. Maine courts have to date upheld other-owned vehicle exclusions similar to the ones in the non-motorcycle policies. While Mr.

11

Galipeau may be correct that law in Maine and elsewhere may moving in a different direction, current Maine law as understood by this Court does not support his position. Because Mr. Galipeau sustained his bodily injury while occupying a motor vehicle that was not "your car" under the non-motorcycle policies, the non-motorcycle policies do not provide coverage for Mr. Galipeau's injuries. Finally, since there is no coverage under the non-motorcycle policies, the court need not address the parties' arguments regarding the anti-stacking provisions as those arguments are premised on coverage existing under said policies. Accordingly, the court grants State Farm's motion for summary judgment against the Estate's Complaint and denies the Estate's motion for partial summary judgment.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated: December 30, 2014

Michaela Murphy, Justice
Maine Superior Court

```
JUDITH M GALIPEAU  - PLAINTIFF                        SUPERIOR COURT
493 RIDGE ROAD                                       KENNEBEC, ss.
WARREN ME 04864                                      Docket No  AUGSC-CV-2013-00100
At'   ey for: JUDITH M GALIPEAU
J WILLIAM DRUARY JR - REMOVAL
MARDEN DUBORD BERNIER & STEVENS                          DOCKET RECORD
44 ELM STREET
PO BOX 708
WATERVILLE ME 04901-0708


Attorney for: JUDITH M GALIPEAU
STEVEN D SILIN  - RETAINED
BERMAN & SIMMONS PA
129 LISBON STREET
PO BOX 961
LEWISTON ME 04243-0961



vs
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO - DEFENDANT


Attorney for: STATE FARM MUTUAL AUTOMOBILE INSURANCE CO
J WILLIAM DRUARY JR - RETAINED
MARDEN DUBORD BERNIER & STEVENS
44 ELM STREET
PO BOX 708
WATERVILLE ME 04901-0708



Fi   : Document: COMPLAINT              Minor Case Type: CONTRACT
Fil..g Date: 04/22/2013
```

## Docket Events:

04/22/2013 FILING DOCUMENT - COMPLAINT FILED ON 04/22/2013

04/22/2013 Party(s):  JUDITH M GALIPEAU
            ATTORNEY - RETAINED ENTERED ON 04/22/2013
            Plaintiff's Attorney: STEVEN D SILIN

04/29/2013 Party(s):  STATE FARM MUTUAL AUTOMOBILE INSURANCE CO
            SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 04/23/2013

05/23/2013 Party(s):  STATE FARM MUTUAL AUTOMOBILE INSURANCE CO
            RESPONSIVE PLEADING - ANSWER FILED ON 05/23/2013
            Defendant's Attorney: J WILLIAM DRUARY JR

05/23/2013 ORDER - SCHEDULING ORDER ENTERED ON 05/23/2013
            M MICHAELA MURPHY , JUSTICE
            ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
            PARTIES/COUNSEL

05/23/2013 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 01/23/2014

05/23/2013 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 05/23/2013
            M MICHAELA MURPHY , JUSTICE

05     '2013 Party(s):   STATE FARM MUTUAL AUTOMOBILE INSURANCE CO
              ATTORNEY - RETAINED ENTERED ON 05/23/2013
              Defendant's Attorney: J WILLIAM DRUARY JR


06/25/2013 Party(s):   JUDITH M GALIPEAU
              ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 06/19/2013
              Plaintiff's Attorney:  STEVEN D SILIN
              MEDIATION WITH ELIZABETH GERMANI, 8/5/13.


08/01/2013 Party(s):   JUDITH M GALIPEAU
              LETTER - FROM PARTY FILED ON 07/31/2013
              Plaintiff's Attorney:  ROBERT H FURBISH
              PARTIES AGREE TO ADR EXTENSION, TIME TO COMPLETE BY 11/19/13.


08/21/2013 Party(s):   JUDITH M GALIPEAU
              MOTION - OTHER MOTION FILED ON 08/21/2013
              Plaintiff's Attorney:  ROBERT H FURBISH
              MOTION FOR STAY OF SCHEDULING ORDER DEADLINES


08/23/2013 Party(s):   JUDITH M GALIPEAU
              MOTION - OTHER MOTION GRANTED ON 08/22/2013
              M MICHAELA MURPHY , JUSTICE
              MOTION FOR STAY OF SCHEDULING ORDER DEADLINES                    SCHEDULING
              ORDER DEADLINES STAYED UNTIL 90 DAYS FOLLOWING COURT'S RULING ON MOTIONS FOR SUMMARY
              JUDGMENT


03 ' '2014 Party(s):   STATE FARM MUTUAL AUTOMOBILE INSURANCE CO
              MOTION - MOTION SUMMARY JUDGMENT FILED WITH AFFIDAVIT ON 03/20/2014
              Defendant's Attorney: J WILLIAM DRUARY JR
              W/ STATEMENT OF MATERIAL FACTS AND EXHIBITS 1 TO 4, AFFIDAVIT OF PETER YEROU


03/20/2014 Party(s):   STATE FARM MUTUAL AUTOMOBILE INSURANCE CO
              MOTION - MOTION FOR LEAVE FILED ON 03/20/2014
              Defendant's Attorney: J WILLIAM DRUARY JR
              TO INCREASE PAGE LIMITS FOR SUMMARY JUDGMENT


04/02/2014 Party(s):   JUDITH M GALIPEAU
              MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 04/01/2014
              Plaintiff's Attorney:  ROBERT H FURBISH
              PLTF'S UNOPPOSED, TO FILE OPPOSITION TO MOTION SJ


04/09/2014 Party(s):   JUDITH M GALIPEAU
              MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 04/09/2014
              M MICHAELA MURPHY , JUSTICE
              COPIES TO PARTIES/COUNSEL


04/30/2014 Party(s):   JUDITH M GALIPEAU
              MOTION - MOTION PARTIAL SUMMARY JUDG FILED WITH AFFIDAVIT ON 04/29/2014
              Plaintiff's Attorney:  STEVEN D SILIN
              MEMORANDUM IN SUPPRORT, SOMF, AFFIDAVIT OF JUDITY GALIPEAU


04/30/2014 Party(s):   JUDITH M GALIPEAU
              OTHER FILING - OPPOSING MEMORANDUM FILED ON 04/29/2014

Plaintiff's Attorney:  STEVEN D SILIN
OPPOSING SOMF AND OPPOSING MEMORANDUM

05/06/2014 Party(s):  STATE FARM MUTUAL AUTOMOBILE INSURANCE CO
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 05/05/2014
Defendant's Attorney: J WILLIAM DRUARY JR
AGREED, TO FILE REPLY IN SUPPORT OF MOTION SJ

05/09/2014 Party(s):  STATE FARM MUTUAL AUTOMOBILE INSURANCE CO
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 05/09/2014
M MICHAELA MURPHY , JUSTICE
COPIES TO PARTIES/COUNSEL                                    STATE FARM'S
DEADLINE TO FILE REPLY IN SUPPORT OF ITS MOTION SJ EXTENDED TO 5/20/14.

05/14/2014 Party(s):  STATE FARM MUTUAL AUTOMOBILE INSURANCE CO
MOTION - MOTION FOR LEAVE GRANTED ON 05/14/2014
M MICHAELA MURPHY , JUSTICE

05/20/2014 Party(s):  STATE FARM MUTUAL AUTOMOBILE INSURANCE CO
OTHER FILING - REPLY MEMORANDUM FILED ON 05/20/2014
Defendant's Attorney: GREGORY M PATIENT
DEFT'S REPLY TO PLTF'S OBJECTION TO DEFT'S SOMF AND RESPONSE TO PLTF'S STATEMENT OF
ADDITIONAL FACTS

05/30/2014 Party(s):  STATE FARM MUTUAL AUTOMOBILE INSURANCE CO
OTHER FILING - REPLY MEMORANDUM FILED ON 05/22/2014
Plaintiff's Attorney:  GREGORY M PATIENT
DEFT'S REPLY TO PLTF'S OBJECTIONS TO DEFT'S SOMF AND AMENDED RESPONSE TO PLTF'S SOAF,
AFFIDAVIT OF PETER YEROU (COPY)                         5/30/14-ORIGINAL AFFIDAVIT
FILED.

05/30/2014 Party(s):  JUDITH M GALIPEAU
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 05/23/2014
Plaintiff's Attorney:  ROBERT H FURBISH
PLTF'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO FILE REPLYT BRIEF IN SUPPORT OF MOTION
SJ

05/30/2014 Party(s):  JUDITH M GALIPEAU
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 05/30/2014
M MICHAELA MURPHY , JUSTICE
COPIES TO PARTIES/COUNSEL                                    PLTF'S REPLY IN
SUPPORT OF MOTION SJ DUE 6/17/14

05/30/2014 HEARING - MOTION SUMMARY JUDGMENT SCHEDULED FOR 07/08/2014 at 10:00 a.m.  in Room No.  2
M MICHAELA MURPHY , JUSTICE

05/30/2014 HEARING - MOTION SUMMARY JUDGMENT NOTICE SENT ON 05/30/2014

06/10/2014 Party(s):  STATE FARM MUTUAL AUTOMOBILE INSURANCE CO
MOTION - MOTION TO CONTINUE FILED ON 06/09/2014
Plaintiff's Attorney:  J WILLIAM DRUARY JR
CONSENTED TO, TO CONTINUE 7/8/14 HEARING ON MOTION SJ

06 /2014 Party(s): JUDITH M GALIPEAU
OTHER FILING - REPLY MEMORANDUM FILED ON 06/16/2014
Plaintiff's Attorney: STEVEN D SILIN
PLTF'S REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SJ, RESPONSE TO DEFT'S OBJECTIONS TO
PLTF'S STATEMENT OF ADDITIONAL FACTS, AFFIDAVIT OF JUDITH GALIPEAU

06/17/2014 Party(s): STATE FARM MUTUAL AUTOMOBILE INSURANCE CO
MOTION - MOTION TO CONTINUE GRANTED ON 06/17/2014
M MICHAELA MURPHY , JUSTICE
COPIES TO PARTIES/COUNSEL                                         TO BE SCHEDULED
NEXT AVAILABLE HEARING DATE AFTER 7/13/14.

06/17/2014 HEARING - MOTION SUMMARY JUDGMENT CONTINUED ON 06/17/2014
TO NEXT AVAILABLE HEARING DATE AFTER 7/13/14.

06/24/2014 HEARING - MOTION SUMMARY JUDGMENT SCHEDULED FOR 09/03/2014 at 09:00 a.m.  in Room No.  2
M MICHAELA MURPHY , JUSTICE

06/24/2014 HEARING - MOTION SUMMARY JUDGMENT NOTICE SENT ON 06/24/2014

06/24/2014 HEARING - MOTION PARTIAL SUMMARY JUDG SCHEDULED FOR 09/03/2014 at 09:00 a.m.  in Room No.  2
M MICHAELA MURPHY , JUSTICE

06/24/2014 HEARING - MOTION PARTIAL SUMMARY JUDG NOTICE SENT ON 06/24/2014

09/03/2014 HEARING - MOTION PARTIAL SUMMARY JUDG HELD ON 09/03/2014
NANCY  MILLS , JUSTICE
Defendant's Attorney: GREGORY M PATIENT
Plaintiff's Attorney: ROBERT H FURBISH
TAPE 1897, INDEX 3138-4363

09/03/2014 HEARING - MOTION SUMMARY JUDGMENT HELD ON 09/03/2014
M MICHAELA MURPHY , JUSTICE
Defendant's Attorney: GREGORY M PATIENT
Plaintiff's Attorney: ROBERT H FURBISH
TAPE 1897, INDEX 3138-4363

09/03/2014 CASE STATUS - DECISION UNDER ADVISEMENT ON 09/03/2014
M MICHAELA MURPHY , JUSTICE
MOTION SJ AND MOTION PARTIAL SJ

01/06/2015 Party(s): STATE FARM MUTUAL AUTOMOBILE INSURANCE CO
MOTION - MOTION SUMMARY JUDGMENT GRANTED ON 12/30/2014
M MICHAELA MURPHY , JUSTICE
COPIES TO PARTIES/COUNSEL

01/06/2015 Party(s): JUDITH M GALIPEAU
MOTION - MOTION PARTIAL SUMMARY JUDG DENIED ON 12/30/2014
M MICHAELA MURPHY , JUSTICE
COPIES TO PARTIES/COUNSEL

01/06/2015 ORDER - COURT ORDER ENTERED ON 12/30/2014
M MICHAELA MURPHY , JUSTICE

ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL AND REPOSITORIES                    ORDER ON DEFT'S MOTION
FOR SJ AND PLTF'S MOTION FOR PARTIAL SJ

01/06/2015 FINDING - JUDGMENT DETERMINATION ENTERED ON 12/30/2014
        M MICHAELA MURPHY , JUSTICE
        ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
        PARTIES/COUNSEL

        ORDER - SUMMARY JUDGMENT ENTERED ON 12/30/2014
        M MICHAELA MURPHY , JUSTICE
        ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
        PARTIES/COUNSEL
        Judgment entered for STATE FARM MUTUAL AUTOMOBILE INSURANCE CO and against JUDITH M GALIPEAU.


01/06/2015 FINDING - FINAL JUDGMENT CASE CLOSED ON 01/06/2015


A TRUE COPY
ATTEST:  _____
                        Clerk